F. O. CUNNINGHAM *et al.*

*v.*

THE CITY OF PEORIA.

*Filed at Ottawa October 11, 1895.*

1. PUBLIC IMPROVEMENTS—*validity of ordinance as affected by peti. tion of abutting owners.* A city ordinance for the paving of a street is not invalid because it provides the pavement shall be of brick, where the most numerously signed petition for the improvement by abutting owners calls for brick, although another petition of such owners, not signed by a majority of all, requests that the material be asphalt.

2. SAME—*construction of language of ordinance for pavement.* An ordinance for a brick pavement is not repugnant by reason of requiring the surface of the concrete base upon which the bricks are to rest to be "parallel with the surface of the finished pavement," and also for six inches of sand and brick above such base, as the words "parallel with the surface" do not mean level therewith.

3. SAME—*effect of reference by ordinance to other documents on file.* A city ordinance for a pavement, which, by its own terms, sufficiently describes the improvement, is not invalidated by the fact that it further refers to plans and specifications on file in the department of public works.

4. SAME—*tax upon contiguous lots, etc., does not include abutting streets.* Under an ordinance for a special tax to pay for a pavement, to be levied "upon the lots, blocks, tracts and parcels of land contiguous to said improvement," it is not necessary that the tax be extended upon the streets abutting upon the improvement, as these will not be included unless named in terms.

APPEAL from the County Court of Peoria county; the Hon. SAMUEL D. WEAD, Judge, presiding.

W. T. WHITING, for appellants.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is an appeal by certain property owners from the judgment of the county court of Peoria county, confirming a special tax levied in pursuance of an ordinance of the city of Peoria to pay the expense of paving Jefferson avenue, in that city, from the south-westerly line of Wayne street to the south-westerly line of Cornhill

street. The ordinance under which the special tax was levied is as follows:

"Sec. 1. That North Jefferson avenue, in the city of Peoria, Illinois, between the south-westerly line of Wayne street and the south-westerly line of Cornhill street, in said city, be and the same is hereby ordered improved in the following manner, that is to say: Said avenue, between the points above designated, on each side of the roadway thereof, between the street intersections on the line of said avenue hereby ordered improved between the points above named, and around the corners of each of said street intersections to the curb lines on each side of each of said intersecting streets, and to a point opposite the lot line of the lots abutting upon said avenue hereby ordered improved, shall be curbed with Berea sandstone curbing, or other stone curbing of equally as good quality, said curbing to be not less than three (3) feet long, eighteen (18) inches in depth, and four (4) inches in thickness, said curbing to be firmly set in such manner as to leave the roadway in the center of said avenue to be improved, the full width of forty (40) feet, the top of said curbing, when set, to conform to the established grade of said avenue; and said part of said avenue shall be improved in the manner herein provided for the full width of forty (40) feet, the whole of said distance between said points above designated. That said avenue shall be paved, the whole of said width and distance as above designated, with the best quality of 'hard burned paving brick.' Before said brick pavement is laid, said part of said avenue to be improved shall be excavated and graded twelve (12) inches below the surface of said pavement when finished. All soft or spongy places in the road-bed of said avenue not affording a solid foundation, and newly made excavations for trenches or other purposes, shall be well rammed and compacted, the whole of said road-bed then to be thoroughly rolled to insure a solid foundation, said road-bed thus prepared to be the

form the finished pavement shall be when completed. The form of the cross-section of said pavement, when completed, shall be an arc of a circle, forming thereby a gutter on each side of said roadway at the curbstone seven (7) inches in depth below the established grade of said avenue, the center of said roadway along said avenue, when completed, being at the same elevation as the top of the curbstone on each side thereof. On the road-bed thus formed shall be placed a bottom layer of concrete six (6) inches in thickness. Said concrete shall be composed of one part (by bulk) of American hydraulic cement, two parts of clean, sharp, well-screened sand, and five parts of broken stone. The sand and cement shall then be thoroughly mixed dry, and made into mortar of proper consistence with the least possible amount of water, and thoroughly worked. The broken stone shall be thoroughly cleaned and free from dirt, well drenched with water, but containing no loose water in the heap, and shall then be added to the mixture. The same shall then be thoroughly mixed and spread upon the road-bed prepared as above designated, and thoroughly compacted by ramming, until free mortar appears upon the surface. The upper surface of said concrete, when thus prepared and placed, shall be exactly parallel with the surface of the pavement when completed. Upon the concrete foundation, prepared as above designated, there shall be spread a layer of clean, sharp, well-screened sand two (2) inches in thickness. Upon this cushion of sand shall be placed courses of said 'paving brick' upon their edge and cross-wise of said street. Said brick shall be placed close together in straight, even courses, with all joints broken, and no brick broken or parts of brick shall be used in any course except when necessary to break joints. Said brick to be so laid shall be 2 inches by 4 inches by 8 inches in size. Upon the surface of said pavement, after it has been laid as herein provided for, there shall be spread a sufficient quantity of clean, dry, well-screened

sand to fill all crevices and interstices in said pavement, and well swept into the said crevices and interstices.

"Sec. 2. That the cost of making said improvement, as above provided for, including the expense of levying and collecting the same, shall be paid for out of a fund raised by special taxation upon the lots, blocks, tracts and parcels of land contiguous to said improvement, which said special tax is hereby levied and assessed severally upon the said lots, blocks, tracts and parcels of land contiguous to said improvement, according to the frontage of said several lots, blocks, tracts and parcels of land, in accordance with the provisions of article nine (9) of an act of the General Assembly of the State of Illinois entitled 'An act to provide for the incorporation of cities and villages,' approved the 10th day of April, A. D. 1872, and amendments thereto.

"Sec. 3. That the work and construction of said improvement, the quality and character of the materials used therein, and the grade and finish of said improvement, shall all conform to and comply with the plans, profiles and specifications for said improvement now on file in the office of the department of public works in the city of Peoria, which are hereby made a part of this ordinance, reference being had thereto for greater certainty; and the work required for the making of said improvement, together with the materials required therefor, as provided for herein, shall be performed and supplied under the supervision and direction of the department of public works of the said city of Peoria; and the contract for the carrying out of said improvement, together with the work and materials therefor, shall be let to the lowest and best bidder therefor, in the manner provided by law.

"Sec. 4. That Edward S. Easton, William L. Slagle and James R. Conway be and they are hereby appointed commissioners to make an estimate of the cost of said improvement, including labor and materials, and all other

expenses attending the same, and the cost of making and levying the assessments therefor, and said commissioners shall report their said estimate to this council in writing."

In pursuance of this ordinance the proper petition was presented by the city council to the county court, under which commissioners were appointed, who made and filed their assessment roll. Various property owners interposed objections to the confirmation of the special tax, which were overruled, and judgment was thereupon entered confirming the assessment roll, and from that judgment this appeal is taken.

The first point made by the appellants is, that the ordinance providing for the improvement was illegally passed by the city council over the petition and objections of the property owners whose property fronts on the improvement and who own a majority of the front feet to be taxed.    This objection is based upon the fact, appearing in the evidence, that a petition was presented to the city council praying for the passage of an ordinance providing for the paving of the avenue in question with Trinidad asphalt sheet pavement, while the ordinance actually passed, and under which the tax was levied, provides for paving it with brick.    The evidence, however, tends to show that two petitions by property owners in relation to improving the avenue were presented to the city council,—one praying to have it paved with asphalt and the other with brick,—and the evidence tends to show that the latter bore the largest number of signatures.    We are left to infer, from the evidence, that the names of some of the property owners appeared on both petitions, and we are unable to find any clear and satisfactory evidence that the petition asking for an asphalt pavement was signed by a majority of the owners of property abutting upon the avenue to be improved. Whatever may have been the duty of the city council, under the provisions of the statute, if only one petition signed by a majority of the property owners had been

presented, and that had prayed for an asphalt pavement, it was clearly authorized, under the circumstances proved, to ignore the petition for asphalt pavement and to grant the prayer of the petition praying for brick pavement.

The next point made is, that the ordinance providing for the improvement does not sufficiently specify or describe the nature, character and locality of the improvement. The fault of description insisted upon grows out of the fact that the ordinance requires the surface of the concrete base upon which the brick pavement is to rest, to be parallel with the surface of the finished pavement, and counsel seems to suppose that being parallel with means on a level with the surface of the finished pavement, and it is argued that the superposition of two inches of sand and four inches of brick on top of such road-bed will bring the surface of the finished pavement in the center of the street six inches above the level of the curbstone, rather than on a level with it, as the ordinance provides. Counsel, in his brief, says, that in constructing the improvement in conformity with the ordinance "it will be a physical impossibility to make the surface of the concrete base exactly parallel,—that is, on a level,—with the surface of the pavement when completed." It is difficult to see how counsel could have fallen into such a misapprehension. Parallel with the surface of the pavement when completed does not necessarily mean on a level with its surface. Here, it obviously means that the line of the surface of the concrete bed shall be parallel with and six inches below the surface of the line of the pavement when completed, and placing two inches of sand and four inches of brick on such surface only brings the center of the pavement, when completed, up to the level of the curbstone, as provided by the ordinance.

Objection is also made that the ordinance is void because it refers, for greater certainty in the description of the proposed improvement, to the plans and specifica-

tions on file in the department of public works of the city of Peoria. It is claimed that as the statute provides that reference may be made to "maps, plats, plans, profiles or specifications on file in the office of the proper clerk," reference to such documents on file in any other department of the city government is nugatory. If that is admitted, the consequences contended for would not seem to follow in this case. The ordinance itself, by its own terms, specifies the nature, character, locality and description of the improvement with sufficient certainty to answer the requirements of the statute, and the fact that the reference to documents on file in the department of public works is nugatory in nowise invalidates the specification of the improvement, which is already sufficiently full and precise.

The next and last point submitted on behalf of the appellants is, that the special tax levied under the ordinance by the commissioners was not extended upon all the lots, blocks, tracts or parcels of land contiguous to the improvement, as contemplated by the ordinance. This is said to be so because no tax is levied upon the abutting streets. We are disposed to hold that the ordinance, in providing for taxation "upon the lots, blocks, tracts or parcels of land contiguous to the improvement," did not include, or intend to include, among the property to be taxed, the streets which abut upon or intersect the avenue to be improved. We are unable to see that the terms used are essentially different in their meaning from the words "contiguous property," used in the statute, and it has not been held, so far as we are aware, that an ordinance providing for a special tax upon contiguous property must be construed to include as a part of such property the abutting streets. While it is true, as has been held in some cases, that the land included in abutting streets may, under proper circumstances, be made the subject of assessment for local improvements, it will not be presumed that the streets are intended to be in-

cluded in general specifications, which do not in terms include them.

We are of the opinion that none of the points made by the appellants are well taken, and the judgment confirming the assessment will be affirmed.

*Judgment affirmed.*