[No. 2739.  Decided November 30, 1897.]

TOWN OF TUMWATER, *Appellant*, v. WILLIAM PIX, *Respondent*.

STREET IMPROVEMENTS — WHEN REASSESSMENT AUTHORIZED — VALIDITY OF ASSESSMENT.

In order to authorize a town to make a re-assessment for street improvements under the provisions of Laws 1893, p. 226 (Bal. Code, §§ 1139-1149), it is unnecessary that the invalidity of the original assessment be adjudicated in a direct proceeding thereon, but it is sufficient if the decisions of the courts in other cases have determined the illegality of assessments levied in the same manner.

Under Gen. Stat., § 678 (Bal. Code, § 1016), providing for the assessment of property in municipalities of the fourth class for the improvement of streets, there is no restriction against the town's doing the work by day's labor and paying therefor from its general fund, provided its assessment against abutting property is proportioned to the benefits received by such property.

Where a property owner has received notice of a proposed re-assessment of the expense of making a street improvement, and has failed to appear at the appointed time and object to the confirmation by the town council of the assessment as levied, he cannot subsequently raise the objection that his property was assessed in a sum more than double the cost of improving the street in front of his property.

The fact that one portion of a street was improved by contract and another portion under direction of the town authorities and the latter portion paid for out of the general fund would not render one assessment for the whole street void, nor show an intent on the part of the town to assess only the portion of property abutting the improvement under the contract, when the resolution for the improvement in express terms created the whole street an assessment district for purposes of improvement.

Appeal from Superior Court, Thurston County.—Hon. CHARLES W. HODGDON, Judge.  Reversed.

*Milo A. Root*, for appellant.

*H. L. Forrest,* and *Byron Millett,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Appellant, a municipal corporation of the fourth class under the laws of Washington, brought this action to enforce the collection of an amount levied by reassessment, on account of street improvements, against respondent's property. From a judgment in respondent's favor the town has appealed. From the record and briefs of counsel it appears that the principal reason for the judgment of the lower court was that it had never been determined by the decision of a court of competent jurisdiction that the original assessment was illegal or void.

Upon the argument of the cause in this court, it was conceded by counsel that this branch of the case falls within the ruling of this court in *State, ex rel. Hemen, v. Ballard,* 16 Wash. 418 (47 Pac. 970), in which we held that no prior adjudication of the invalidity of an assessment in a direct proceeding was necessary before the city could proceed to reassess under the provisions of the act of 1893. (Session Laws 1893, p. 226; Bal. Code, §§1139-1149.)

It appears from the record in this case that the town council of the town of Tumwater, at a meeting held on October 28, 1891, adopted the following resolution:

" Be it resolved by the council of the town of Tumwater: 1. That Third street in East Tumwater be and is hereby created an assessment district for the purpose of the improvement of said street.

" Be it further resolved, that the property owners abutting on said Third street in East Tumwater and the town of Tumwater be assessed pro rata for any and all improvements made on said Third street in East Tumwater."

Third street in East Tumwater runs from Cleveland avenue on the east to A street on the west, and respondent's

property fronts thereon, on the north side, between A and B streets.

It appears that a contract was let by the town authorities to one Scott for grading and improving Third street east of B street to Cleveland avenue. It also appears that the work on Third street between A and B, being that portion of the street directly in front of respondent's property, was done by the city authorities at or about the same time that the work was done by Scott on the remainder of the street.

It is apparent that the original proceedings whereby it was attempted to assess the abutting property for the cost of the improvement were illegal and void, because the property to be charged was not assessed in proportion to the benefits. But on the 27th day of November, 1894, the town proceeded to pass an ordinance providing for a reassessment to pay the cost of the improvement. This ordinance was passed pursuant to the general power conferred upon towns and cities under the act of 1893, *supra*. The ordinance referred to created and defined an assessment district, which district included respondent's property, and levied an assessment upon the property fronting upon said street, in proportion to the benefits received, sufficient to cover the total expense of the work thereon. The ordinance also provided:

"That each and every person owning any of said lots or tracts, or being in any way interested, may appear before the town council on or before the 17th day of December, 1894, and show cause, if any there be, why the assessment herein made should not become binding and a lien upon the property affected thereby; and upon said day said council shall consider any objections made to said assessment and modify said assessment if it be necessary to make the same legal, equitable and just."

Notice thereof was personally served upon the respondent, who made no appearance and entered no objections be-

fore the council. It is the contention of respondent that the work on that portion of Third street upon which his property fronts was done by days' labor, and paid from the general fund, and that the town was therefore without authority to reassess, or to assess at all, the property fronting on the street for the cost of the improvement.

We think the contention can not be sustained. Section 678, 1 Hill's Code (Bal. Code, §1016), provides that the expense of improving the streets shall be assessed upon the lots and lands fronting thereon in proportion to the benefits, etc. It was not essential that the town should let any contract at all for doing the work. We see no reason why it could not have made the entire improvement through its own officers and assessed the cost thereof on the property fronting upon the street in proportion to benefits. We find nothing in the statute which forbids it. It may be that it is customary to let the work to a contractor, and to pay him with warrants drawn upon a special fund into which the assessments, when collected, are paid, but the statute does not require that method to be pursued. We think appellant correctly assumes that it had the right to have the work done under one, two, or any number of contracts, or under no contract at all. All that respondent can require is that his property shall be assessed in proportion to the benefit it receives from the improvement.

It is further urged that the cost of improving the street in front of respondent's property amounted to only $95.45, whereas the amount of the assessment levied by the town is $210. This does not go to the jurisdiction to make a reassessment, but is a matter which the town council could have, and it must be presumed would have, corrected had application been made for that purpose in accordance with the notice contained in the ordinance for reassessment above set out. It is a mere mistake, or irregularity at most, not

affecting the jurisdiction.  No reason is suggested why respondent did not appear and make his objection before the town council.  That body had jurisdiction of the subject matter and was clothed with power to arrive at a correct determination.  It was the tribunal appointed by the law for the correction of any mistakes or irregularities.  Parties interested can not be permitted to disregard the opportunities so afforded for a hearing, and to select a forum of their own choosing.  They must make their objections seasonably, before the tribunal which the law appoints for that purpose, and, failing to do so, cannot thereafter be heard to complain.  Laws 1893, ch. 95, §5, p. 228 (Bal. Code, §1143);   Welty, Assessments, §312;  *New Whatcom v. Bellingham Bay Improvement Co.*, 16 Wash. 131 (47 Pac. 236);  *Nolan v. Reese*, 32 Cal. 484.

We think the trial court erred in holding that it was not the intention of the town to assess any property for these improvements other than that abutting on Third street east of B street.  The resolution under which the improvement was originally undertaken relates to the entire street.  The language is:  "That Third street in East Tumwater be and is hereby created an assessment district for the improvement of said street," and the proof shows that the entire street was improved.  The fact that the street was improved throughout its entire length, in the light of the resolution that the assessment district should include the street, leaves no room for finding that the town never intended to assess any property for the improvement other than that lying east of B street.

The judgment must be reversed and the cause remanded with instructions to enter a judgment and decree of foreclosure in accordance with the prayer of the complaint.

SCOTT, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.