THE CITY OF KANSAS CITY v. NIELS HANSON AND WILLIAM M. SCHMITZ.

**No. 644.** *

1. CITIES—*Injunction—Unnecessary Party.* In an action to enjoin the collection of an illegal assessment for the improvement of a street, the city clerk is not a necessary party; and if made a party in the trial court, his absence from the proceeding in error is no ground for dismissal.

2. ——— *Contract for Paving—Void Conditions—Illegal Assessment.* A provision in a contract for paving a street requiring the contractor to keep the pavement in repair for a term of five years after its completion, and requiring him to give a bond to secure the performance thereof, renders the assessment against the abutting lotowners to pay for the cost of such improvement and repair illegal and void.

3. ——— *Repair of Pavements—Power of Council.* A city council cannot make provision for repairs in advance of a necessity therefor, but must wait until such necessity arises.

4. ——— *Contracts for Improvements—Duty of Council.* It is the duty of the council of a city to see that all contracts made by them for the city are properly and honestly performed, and they cannot lawfully shift this official duty to the contractor, and thereby impose an additional burden of taxation upon the property holders.

Error from Wyandotte court of common pleas; T. P. ANDERSON, judge. Opinion filed December 15, 1898. Affirmed.

*G. B. Watson,* and *T. A. Pollock,* for plaintiff in error.
*True & True,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : Defendants in error obtained a judgment in the court of common pleas enjoining the city from enforcing the payment of an assessment made on their property therein for the purpose of laying a brick

* Reversed by supreme court. See 60 Kan. 833, 58 Pac. 474.—REP.

pavement on James street, upon which their property abutted, on the ground that the city council in making the contract for that improvement had exceeded its authority, in that it included therein a contract in advance for the repair of the street for the term of five years after the completion of the work.

The defendants in error object to the consideration of the case on its merits, claiming that the petition in error was not filed in time. The contention is that a motion for a new trial was not necessary to preserve the questions arising in the case, and therefore the filing of such a motion could not extend the time beyond the year from the entry of the judgment in the first instance. Many authorities from our supreme court and this court are cited in support of this contention. The case is not within the rule laid down in any of them. The case was tried to the court on evidence, and a general finding was made for the plaintiffs, on which the temporary injunction was made perpetual. The motion for a new trial properly raised the question that the finding and judgment of the court were not sustained by the evidence. The evidence is contained in the proceedings of the council, the specifications provided by the city, the contract entered into between it and the contractor, and the bond by the contractor given for the faithful performance of the work. So that an exception could only be reserved by a motion for a new trial.

The next objection to the consideration of the case is that the city clerk, who was a defendant below, is not a party to these proceedings, the petition in error being prosecuted by the city alone. The clerk had no independent interest in the proceeding. His only interest was as an officer of the city, and the city's presence fully protected such interest. It is also objected

that the case-made is not properly and sufficiently settled and authenticated.    We do not find any merit in this contention.

On the merits, the question involved has never been decided by this court or by the supreme court.    The provision which it is claimed avoids the assessment is contained in the specifications.    The advertisement for bidders referred to the specifications as embodying the requirements exacted of a contractor.    Therein is the objectionable provision, as follows :

"The contractor expressly agrees to give a good and substantial bond to maintain in good order the aforesaid pavement for five years after the date of its acceptance, and binds himself, his heirs and assigns, to make all repairs which may, from imperfection in said work or material, or from any crumbling or disintegration of the material, become necessary within that time, and the contractor shall, whenever notified by the city engineer that repairs are necessary, at once make such repairs at his own expense, and if they are not made within fifteen days after the date of said notice, the city engineer shall cause such repairs to be made at the expense and cost of the said contractor."

It will be observed that this requirement in the specifications imposes on the contractor two duties : (1) To give a bond to maintain the pavement in good order for five years after its completion and acceptance ; (2) to make the repairs which may become necessary in five years by reason of any imperfection in the work or material or which may become necessary by reason of any crumbling or disintegration of the material generally, without limiting it to any particular cause.    It is contended by the plaintiff in error that this entire clause in the specifications was intended, and so clearly appears from the whole proceeding and contract, as a guaranty that the work

would be done in accordance with the terms of the
contract, and that the contract required a pavement
that would last five years without the necessity of re-
pairs.   Many cases are cited which appear to support
the contention and which do support the contention,
if the provision can be held to be simply a guaranty,
as claimed.   It is claimed by counsel for plaintiff in-
error, and is doubtless the law, that the city council'
could not anticipate repairs in the ordinary way and
provide for their payment by making them a charge
on the abutting property owners.   When the street
is once paved the duty of repairing the same is thrown
upon the city at large.   It seems to be well settled as
a proposition of law that any burden beyond the
original cost cannot lawfully be imposed upon the
abutting holders ;  and it would seem to be good law,
that such lot owners cannot be made to pay for such
a guaranty which may become worthless before the
time has elapsed, and that the duty of the officers of
the city to see that the work is properly done cannot
be exchanged for a bond or contract on the part of the
contractor for the performance of this duty, as was
said by the supreme court of California in the case of
*Brown v. Jenks*, 98 Cal. 10, 32 Pac. 701.

It seems to us clear that this provision contemplated
something more than a mere guaranty of the perform-
ance of the contract which was secured by a bond,
with sureties approved by the council.   It is apparent
that under the guise of this kind of a guaranty the
limitations and restrictions imposed on city officials
by law to prevent irregularities and frauds on the
rights of the inhabitants might be much weakened.
The supreme court of Oregon, in *City of Portland v.*
*Bituminous Paving & Imp. Co.*, 52 Pac. 32, said :

"It is essential to the welfare and protection of citi-

:zens and taxpayers who contribute to the revenues, and whose property is subject to the laws and or-·dinances of municipalities, that they should be held to the exercise of such powers only as have been ·delegated to them through legislative enactment. They possess no powers but such as are delegated, ·or may be necessary to their exercise, and thereby ·implied, and the courts have been solicitous that they ·exercise none they do not possess.''

· It is clear that imposing on the contractor the duty ·of giving the bond required by this provision would not be undertaken without compensation in addition ·to the reasonable cost of the work and material ; nor would he be bound, under the second division of the clause, to stand ready at all times for five years to make such repairs as are contemplated therein without enhancing the amount of his bid, and thus imposing an additional burden on the property owners not authorized by law. It is admitted, and it is doubtless the law, that the council cannot provide for repairs in anticipation of their necessity, but must only provide as the necessity arises.

Entertaining these views of the law applicable to the case, it follows necessarily that the court did not err in its general finding of fact or in its conclusions of law based thereon ; but on the contrary the evidence, which is undisputed, sustains the determination of the court, and its judgment is therefore affirmed.