[No. 3257.  Decided November 25, 1899.]

THE STATE OF WASHINGTON, *on the Relation of George Kinnear*, v. ROBERT BRIDGES, *State Land Commissioner*.

MANDAMUS—WHEN LIES.

Mandamus will not lie to compel the state land commission to sell certain tide lots to one who has been adjudged by the superior court as having the preference right of purchase, when there is pending before the court an undetermined motion to vacate the judgment upon which the application for the writ is based.

*Original Application for Mandamus.*

*McCutcheon & Gilliam*, for relator.

*Thomas M. Vance*, Assistant Attorney General, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Relator and W. R. and D. C. Brawley filed in the office of the commissioner of public lands, on May 6, 1895, an application to purchase Seattle tide lands, the application being No. 1440, and claiming certain lots in block 362 of said tide lands.  On May 14th thereafter, an application No. 1747 was filed by the Washington Dredging & Improvement Company to purchase all of said block 362; and also, on the same day, application No. 1790, by E. F. Runyan, to purchase a portion of said block 362; and on May 11th, No. 1622, by W. P. Trimble. The claimants in the above applications all claimed to be upland owners.  There was also the application of William Collins, No. 1623, filed on May 13th, to purchase said block 362.  The last application was based upon a claim to ownership of improvements situated on the tide land used for purposes of commerce and business, and erected thereon prior to March 26, 1890.  A hearing upon proper

notice was had before the board of state land commissioners in the city of Seattle, on March 26, 1896. At the hearing no appearance was made by E. F. Runyan and the Washington Dredging & Improvement Company, and their default was entered by the board. Applications No. 1790 and 1747 were rejected as to lots 1 and 2 of block 362. On June 30, 1896, the board of commissioners met in Olympia and found, as a matter of fact, that none of the parties making applications No. 1440, 1747, 1790, 1622 and 1623 were owners of abutting lands, or were the owners of any improvements on block 362, and that no preference right of purchase was in any manner in the applicants, and rejected each application for the reason that no upland ownership or ownership of improvements was vested in any party applying for the tide lands. This order and judgment referred to lots 1, 2, 3, 4, 19, 20, 21 and 22 of block 362. Following said finding, and at the same meeting, the lots in controversy were ordered thrown open for public sale in the manner provided by law. On February 11, 1896, the Washington Dredging & Improvement Company filed with the board of state land commissioners its formal relinquishment to all of block 362, except the north half thereof. On July 30, 1896, notice of appeal from the decision of the board of state land commissioners to the superior court of King county was filed with the board by relator and W. R. and D. C. Brawley, parties to application No. 1440. The notice of appeal was addressed to all of the parties in interest, including the state of Washington, and appears to have been served on all parties except the state; and thereafter a proper bond on appeal was filed, and the cause was docketed in the superior court, and a stipulation was entered in said court by all of the parties to the record before the board of commissioners except the state. On March 14, 1899, the superior court entered a decree, based

on said stipulation, that George Kinnear, the relator, as an owner of abutting lands, was entitled to lots 1, 2, 3, 4, 19, 20, 21 and 22 of block 362, and awarding such tide lots to Kinnear, and directing that the commissioner of public lands enter into a deed or contract with said Kinnear for the sale of said tide lots.    The commissioner refused to enter into such contract.    On the 7th of April, 1899, the attorney general for the state filed a motion, petition, and affidavit in the superior court of King county, asking that the decree filed in the cause be modified, vacated, and annulled, and service was directed to be made upon the relator and other parties, but, through some mistake, was not perfected at the time of the hearing of this application, but an endeavor was being made to procure the service.    The petition filed in the superior court set up all the facts, as above stated, relating to the cause, and that the parties to the stipulation in the cause in the superior court had not any of them appealed from the decision of the board of commissioners except relator and the Brawleys; that the only controversy which could arise upon the record made in the superior court, and before the board of land commissioners, was between relator and the Brawleys and the state of Washington, and the only issue was that the state disputed the preference right of relator and the Brawleys.

This is an application for an extraordinary remedy.    It appears from the answer to the alternative writ that the attorney general, on behalf of the state, had petitioned for a vacation of the judgment of the superior court, claiming the interest of the state in the proceeding, and its right to original notice of the appeal taken by relator and the Brawleys, and that a motion for a vacation of such judgment was still pending and undetermined in the superior court.    Thus it would seem that apparently the

power of the superior court was not yet exhausted in the proceeding before it. The controversy between the state and the relator has been discussed by counsel upon this application, but, in view of the fact that the superior court still has the power to hear and determine the application for a vacation of its judgment, the merits of the controversy will not be examined here. We do not think it a proper case for the issuance of the writ.

Application denied.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.