[No. 3908.  Decided September 17, 1901.]

CITY OF PORT ANGELES *et al., Respondents,* v. G. M. LAURIDSEN *et al., Appellants.*

MUNICIPAL CORPORATIONS — INVALID ASSESSMENT FOR STREET IM-
PROVEMENT — REASSESSMENT.

Laws 1893, p. 226, § 1, which provides for a reassessment to pay the cost of a local improvement in case the original assessment has been declared invalid does not contemplate a direct proceeding for the purpose of adjudicating the invalidity of the assessment upon any particular lot, but it is sufficient if the illegality of the assessment has been declared in litigation involving other lots.

SAME — FORECLOSURE OF ASSESSMENT LIEN — RIGHT OF CITY TO SUB-
ROGATION.

In an action by a city, after a reassessment for a street improvement, to have itself declared subrogated to the rights of warrant holders whose claims against a street improvement fund the city had been compelled to pay by reason of its negligence in failing to provide the fund, parties against whom a reassessment has been levied cannot question the city's right to subrogation, where they have paid neither the original assessment nor the reassessment.

Appeal from Superior Court, Clallam County.—HON. JAMES G. MCCLINTON, Judge.  Affirmed.

*George C. Hatch,* for appellants.

*James Stewart* and *Preston & Embree,* for respondents.

PER CURIAM.—This is an action brought by respondent, the city of Port Angeles, to foreclose a reassessment on certain lots of appellants for the improvement of First street.  Respondent Bridges intervened on the ground that he was owner of certain of the grade warrants issued by the city for said improvement.  The contract for the improvement was let in the fall of 1891, and warrants in

payment of the work done were issued to said contractor on the First street fund. After said warrants were issued, and during the year 1897, owners of said warrants to the amount of $22,198.33 commenced in the lower court certain actions against the city, alleging that, owing to its negligence in not collecting said sum, with interest, on the abutting property, they had been damaged in said amount. Judgments in said actions were rendered against the city for damages, the said $22,198.33 of warrants were surrendered to the city and canceled, and the city discharged said judgments by issuing warrants on its general fund. The city in this action asked to be subrogated to the rights of said warrant holders to the amount of said warrants so canceled. Judgment was rendered in favor of the city.

Error of the court is assigned in finding that the original assessment was declared void by any court, in finding that a notice was given prior to making said reassessment, in concluding that said original assessment was invalid and that said reassessment was valid, and in refusing to adopt defendants' findings of fact and conclusions of law. In addition to the fact that the original assessment was invalid, the record shows that it was declared invalid by a competent court of record,—not, it is true, in an action wherein the particular assessment involved in this case was involved; but it is sufficient that its legality has been declared directly, or by virtue of the decision of any competent court. It was said in *State ex rel. Hemen v. Ballard,* 16 Wash. 418 (47 Pac. 970), that the Laws of 1893, p. 226, § 1, providing for a reassessment for local improvements in cities and towns when the original assessment has been declared invalid for any cause, do not contemplate a direct proceeding for the purpose of adjudicating its invalidity, but it is sufficient if its illegality has

been declared either directly or by virtue of any decision of a court. This rule was again announced in *Tumwater v. Pix,* 18 Wash. 153 (51 Pac. 353). We are satisfied from the whole record that the reassessment was valid, and that sufficient notice was given to the property holders. It is also in evidence that it was the intention of the city to be subrogated to the rights of the original warrant holders, and it should be so subrogated. Nor do we think that the appellants are in any position to question this right of the city. Certain it is that they have not paid the assessment which was legally made upon their property. They have neither paid the first assessment which they now claim was a valid assessment, nor have they paid the reassessment the validity of which they dispute. They have not placed themselves by their own pleadings and proofs in an equitable position before this court, and, considering the whole record, the judgment will be affirmed.