[No. 13956. Department Two. August 17, 1917.]

*In re* WEST WHEELER STREET.

NEW ENGLAND LAND COMPANY *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—REASSESSMENTS—STATUTES. Under Rem. Code, § 7812, authorizing a reassessment, if any assessment be annulled or set aside by any court or be held invalid for any cause, where a judgment partially annulled an assessment, a reassessment may be made to supply the deficiency created, to the extent of benefits received, and extended over that portion of the original assessment which was not invalidated by the judgment and which is still a valid and subsisting assessment.

SAME—ASSESSMENT FOR BENEFITS—PROPERTY SUBJECT — PRESENT USE. A railroad company cannot object to an assessment of benefits from the opening of a street that the present use of its property was such that it derived no special benefit from the improvement; since the future use of the property may be considered.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 24, 1916, confirming a

[1]Reported in 167 Pac. 41.

reassessment roll for a public improvement, after a hearing before the court. Affirmed.

*Donworth & Todd, C. H. Winders, F. V. Brown,* and *F. G. Dorety (Charles T. Donworth,* of counsel), for appellants.

*Hugh M. Caldwell* and *Walter F. Meier,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court confirming a reassessment roll, which had been levied by the board of eminent domain commissioners of the city of Seattle upon property of the appellants to provide for a deficiency in an original assessment to pay for land taken for a street in an eminent domain proceeding. The facts are, briefly, as follows: In the year 1911, the city of Seattle, by ordinance, authorized the condemnation of certain real property lying in the vicinity of what is known as Magnolia Bluff, in that city, for the purpose of constructing two roadways thereon. One of these was an overhead roadway connecting property situated on the bluff, and designated as the "highlands," with the main part of the city, while the other was a roadway leading down to the property situated in the valley between Magnolia Bluff and Queen Anne Hill, and referred to as the "lowlands." The cost of condemning the rights of way for these two roadways was assessed against all the property situated on the highlands and lowlands as one improvement district. At the hearing upon the confirmation of the assessment roll, which was prepared in the year 1913, the appellant New England Land Company appeared and objected to the amounts assessed against its property. Notwithstanding the objections, the superior court, on January 15, 1913, entered a judgment confirming the assessment roll as prepared by the board of eminent domain commissioners. Neither of the other two appellants, namely, the Northern Pacific Railway Company or the Great Northern Railway Company, objected to the proposed assessments as returned by the commissioners. From the judgment so entered on January 15, 1913, neither the city of Seattle nor these appel-

lants appealed. In accordance with that judgment, each of these appellants afterwards fully paid the amounts which became a lien on its property by virtue of that judgment. Other objectors in that proceeding, who owned property on the highlands, appealed to this court from the judgment of January 15, 1913, and were successful in having their assessments reduced, this court holding that these two roadways were two separate and distinct improvements having nothing in common. This court reversed the judgment of the superior court in that case, and remanded the cause

"with instruction to revise the assessment so that the cost of the street which is solely for the benefit of the lowlands shall be assessed thereto and deducted from the assessment upon the highlands and lands not benefited thereby." *In re West Wheeler Street*, 77 Wash. 3, 137 Pac. 303.

Thereafter, counsel for the city, construing the language there used and the statutes governing appeals as applying only to such specific assessments as had been appealed from, prepared an order revising the assessment roll as to such assessments alone. The court declined to enter that order, but entered an order referring the entire roll to the eminent domain commission to recast the same by omitting from the assessment against all of the highlands the amount which should have been assessed against the lowlands. From that order, the city appealed, and we reversed the order and directed the lower court to enter the order presented by counsel for the city. We there said:

"Construing the language above quoted from the decision of this court on the former appeal with reference to these principles, and especially with reference to the record and the plain mandate of the statute, it is clear that it is in legal effect a reversal of the judgment only as to those properties the owners of which had appealed and could not, and did not, 'invalidate or delay' the original judgment as to property concerning which no appeal was taken." *In re West Wheeler Street*, 85 Wash. 146, 147 Pac. 873.

Thereafter, in 1914, a number of property owners who did not appeal from the original judgment confirming the assessment roll, and who did not institute proceedings in the trial court to vacate or modify that judgment within one year from its entry, brought an action seeking the same relief which was accorded on the first appeal to the property owners who participated in that appeal. The trial court sustained a demurrer to the complaint in that action, and an appeal was prosecuted from that order to this court, and we affirmed the judgment upon the ground that the judgments approving the assessment rolls which had theretofore been rendered were binding upon the appellants and could not, at that late date, be corrected. *Strelau v. Seattle*, 85 Wash. 255, 147 Pac. 1144.

Thereafter an order was entered by the lower court setting aside, annulling, and invalidating the excess of assessments theretofore levied on the property of parties appealing from the original order of confirmation, and the assessment rolls were re-referred to the board of eminent domain commissioners with directions to make a reassessment upon property in the lowlands to provide for the deficiency created by the annulment of the assessments upon the highlands, and to assess this deficiency against the property in the lowlands. After this reassessment was prepared and notice given, a hearing was had thereon, which resulted in an order confirming the reassessment roll. This appeal followed.

A number of assignments of error are made by the appellants, but the principal question in the case is whether the city has statutory authority for a reassessment under the facts here presented. It is conceded by the appellants that the legislature may authorize cities to reassess property benefited by public improvement; but it is argued that the statute does not provide for reassessment under the facts in this case. The statute relating to eminent domain proceedings (Rem. Code, § 7812) is as follows:

"If any assessment be annulled or set aside by any court, or be invalid for any cause, a new assessment may be made, and return and like notice given and proceedings had as herein required in relation to the first; and all parties in interest shall have the like rights, and the city council or other legislative body, and the superior court, shall perform the like duties and have like power in relation to any subsequent assessment as are hereby given in relation to the first assessment."

The appellants contend that the original assessment upon the lowlands has neither been annulled nor set aside by any court, and is not invalid for any cause, but that the original assessment is a valid and subsisting assessment, and therefore the reassessment cannot be made to supply any deficiency created by the exclusion of the highlands from the assessment, and a plausible argument is made to the effect that, when the original assessment was levied against the lowlands and these assessments were not appealed from, they became final judgments against each parcel of land to the amount of that assessment, and this position would no doubt be sound if the city or the property owners were seeking to set aside that assessment. But we are of the opinion that the effect of this reassessment is not to set aside or cancel the assessment already made. It is simply a reassessment to supply a deficiency created by the judgment of the court in *In re West Wheeler Street*, 77 Wash. 3, 137 Pac. 303. The statute above quoted says that,

"If any assessment be annulled or set aside by any court, or be invalid for any cause, a new assessment may be made, . . ."

It is argued by the appellants that the original assessment has not been annulled, has not been set aside, and is not invalid, and, therefore, by the terms of the statute quoted, no new assessment can be made. It is no doubt true that the assessment as a whole has not been annulled or set aside, or been held invalid, but the assessment was partially

annulled, set aside, and held invalid in the *West Wheeler Street* case, *supra*. In the case of *Young v. Tacoma*, 31 Wash. 153, 71 Pac. 742, this court had under consideration the power of the city of Tacoma to make a reassessment in a street improvement case. The statute under consideration in that case provided that, when an assessment "has been 'set aside, annulled, or declared void by any court, either directly or by virtue of any decision of such court,' the city may make a new assessment," and it was there held that, where the court had declared a portion of the assessment valid and a portion void, the city was authorized to make a reassessment under that statute. The statute under consideration in that case was in substance the same as the statute under consideration in this case. We there said:

"It will be noted that the decision of the court declares a portion of the assessment valid and a portion void, but we cannot agree with respondents that the record of that case shows an affirmative holding that the original assessment was valid. The validity of the assessment as to any portion of the property is dependent upon its validity as to all the property affected. There is such an interdependent relation between all the property in an assessment district as makes it necessary that the assessment shall be valid as to all the property properly within the district; and, if not so, the whole assessment becomes void. It would be a harsh rule that would require certain property holders to pay an assessment while others equally benefited are permitted to escape that burden. The special fund to be created depends upon such provisions as shall secure the payment of the whole in order to meet the obligations incurred on the faith thereof. There was no actual judgment annulling the original assessment or any portion of it, but there was a decision of a competent court, regularly entered in the cause instituted for that purpose, holding a portion of the assessment void; and, if that decision is to be given any force at all in the premises, for the reasons already stated it must be held that its effect was to declare void the whole assessment. It will be observed that the statute does not require that an actual judgment shall be entered setting aside the original assessment, but if the assessment is declared void, 'either directly or indirectly,

by virtue of any decision of such court,' it is sufficient to authorize the reassessment.    We think the decision mentioned was sufficient to confer jurisdiction for reassessment proceedings under the statute and under the holdings of this court in the following cases:    *State ex rel. Hemen v. Ballard*, 16 Wash. 418, 47 Pac. 970; *Tumwater v. Pix*, 18 Wash. 153, 51 Pac. 353; *Port Angeles v. Lauridsen*, 26 Wash. 153, 66 Pac. 403."

We think the reasoning in that case is sufficient to show the authority of the lower court, under the statute quoted, to order a reassessment upon the property benefited to the extent of such benefits.

It is also argued by the appellant Northern Pacific Railway Company that the opening of these streets was of no special benefit to its property.    It is not claimed, as we understand, that the assessment was arbitrary, but it is claimed that these streets will be of no benefit to the property of the railway company.    We have held that the present use of property cannot be made the basis of determining the benefits which may accrue to property.    *Seattle v. Seattle & Montana R. Co.*, 50 Wash. 132, 96 Pac. 958.

We think the evidence fairly shows that the eminent domain commission took into consideration the present as well as the future use to which the property might be devoted, and found that there would be a benefit to the property. The trial court, after hearing the evidence, arrived at the same conclusion.    We do not find sufficient in the evidence to reverse the finding.

We are of the opinion, therefore, that the judgment of the trial court should be, and it is, affirmed.

PARKER and HOLCOMB, JJ., concur.

ELLIS, C. J., concurs in the result.

FULLERTON, J., dissents.