[No. 763. Decided March 9, 1893.]

LAURA WOLFERMAN, *Administratrix of the estate of George C. Schneider, deceased, Respondent,* v. H. C. BELL, BELLE BELL AND BAUM & Co., *Appellants.*

NEGOTIABLE INSTRUMENTS—ALTERATION—RECOVERY.

The alteration of the time of payment of a promissory note after its execution, when there is no proof of fraud on the part of the payee or holder, will not prevent a recovery thereon after its maturity according to its original tenor.

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry,* for appellants.

*Feighan, Wells & Herman,* and *Patrick H. Winston,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—It would be profitless in this case to undertake to review the authorities, for they are numerous and irreconcilable; some courts holding that an alteration of the face of a writing raises no presumption either way, but that the question is one for the jury. Other courts have held that the alteration raises the presumption that it was made before delivery; others that in such cases the

presumption attaches that the change was made after delivery, and that it must be explained before it is received in evidence. Still others, that it raises such a presumption only when it is suspicious. While in California it is held that the change in the printed words of an instrument raises no presumption against the instrument, while a change in the written words does raise such presumption.

The rule that the alteration raises a presumption against the instrument cannot be indulged without conflicting with the general proposition that fraud is never presumed, and with another general proposition that the burden of proof is upon the party who pleads an affirmative defense. If it is put in issue by the pleadings, it is a fact in the case to be determined by the jury, subject to the same rule of presumption as any other fact to be proven in the case.

There is an abundance of authority to sustain this view, and we think it a reasonable one. As far as this particular case is concerned there is no testimony whatever tending to show fraud on the part of Schneider and those claiming under him. The testimony of Bell and his wife cannot be considered by this court. They were certainly testifying concerning a transaction had by them with the deceased man Schneider, and the testimony falls plainly within the inhibition in § 1646 of the Code. It matters not that the testimony was not objected to. It is objected to here. This court is trying the case *de novo*, and it must try it on legal testimony.

There was no testimony on the subject of the alteration. The notary simply swore that no change was made in the instrument in his office at the time it was delivered, but he did not pretend to testify that the instrument had not been altered before it was delivered. His testimony amounts to nothing. But the testimony is abundant that the interlineation is not in the handwriting of Schneider. An inspection of the original instrument does not lead us to the same conclusion that it does the attorneys for the appellants.

It is evident, we think, that the added words were not written at the same time that the note was written and signed by Bell, or with the same ink or pen. But it seems to us tolerably plain that they were written with the same ink that was used by Belle Bell when she signed the notes, and by Harry C. Bell and Belle Bell when they signed the mortgage; and with the same pen, which was evidently a heavier and duller pen than was used in writing the body of the notes; and that the added words and figures very closely resemble the handwriting of Bell as shown by the letters introduced in evidence. And outside of any extrinsic evidence on the subject, we should be inclined to come to the conclusion that the change was made when Mrs. Bell signed the notes and mortgage; and the letters from Bell to Schneider tend to strengthen us in that view. In such an event the judgment of the court is more favorable to the appellants than it should be, but it is not complained of here and will not therefore be disturbed.

But the appellants could not prevail here in any event. They admit the execution of the notes and mortgage, and for the consideration expressed. There is not a syllable of proof of fraud on the part of respondent. According to their own version of the transaction, the first note had become due long prior to the commencement of the suit. By the terms of the contract this matured the second note, and as a matter of fact it was matured by lapse of time without reference to default in payment of the first note, before the case was tried; so that the respondent obtained judgment for no more than he was entitled to, and there is no principle of equity which will justify this court in disturbing it.

The judgment is, therefore, affirmed.

HOYT, J., concurs.

ANDERS, STILES, and SCOTT, JJ., concur in the result upon the last ground stated.