[No. 432. Decided October 24, 1893.]

JOHN BELL, *Appellant*, v. BELLE WAUDBY *et al.*, *Respondents*.

RENDITION OF VOID JUDGMENT ON APPEAL — MODIFICATION.

A judgment in the supreme court for costs against defendants who have not been served nor appeared in the action is absolutely void, and may be properly attacked by a proceeding in said court to have the judgment modified.

*Appeal from Superior Court, Whitman County.*

Opinion on motion to modify judgment.

*F. M. Ellsworth,* and *Matthew B. Kelly,* for appellant.

*F. H. Brown,* and *Chadwick & Fullerton,* for respondents.

The opinion of the court was delivered by

HOYT, J.— By this proceeding petitioners sought to have modified the judgment heretofore entered in the cause. In the original opinion (4 Wash. 743, 31 Pac. Rep. 18), the court directed that the plaintiff should recover the costs of both courts, and as it *prima facie* appeared from the record that the defendants, including the petitioners, had appeared in the action, the judgment for costs in accordance with said opinion went against all of such defendants. In the petition filed herein it is alleged that none of these petitioners were served with process in said action, and that none of them had ever appeared in said action in person or authorized any attorney to appear for them. The allegations of the petition, and the mode of its verification, are not as satisfactory as they might be, but in the absence of any denial on the part of the plaintiff, who appeared in answer to such petition, and in view of

the fact that a careful examination of the record in the light of the allegations of the petition tends strongly to confirm such allegations, we think it is made sufficiently to appear that, in fact, such petitioners were never served with process, and never appeared in any way in said action. Such facts being established, it is evident that the judgment, so far as it is purported to be against them, was absolutely void, and could be attacked by them in any proper manner, and in our opinion this proceeding was one of the ways in which it could be thus attacked.

It was suggested at the argument on the part of the plaintiff that the attack should be made in the superior court, but as the judgment was entered here, and the record remitted to the superior court only for the purpose of having such judgment carried into effect, we think that this is the court which must modify such judgment, if it is to be modified.

It follows that the *remittitur* heretofore sent down must be recalled, and the judgment heretofore entered so modified as not to be in form against the petitioners herein, and the cause then again remanded to the superior court as before.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.