[No. 1098.   Decided November 7, 1893.]

THE STATE OF WASHINGTON, *on the relation of Laura Wolferman*, v. THE SUPERIOR COURT OF SPOKANE COUNTY.

JUDGMENT OF SUPREME COURT — MODIFICATION BY LOWER COURT.

The judgment of the supreme court upon appeal in an equity cause, which by our statute is required to be tried *de novo* in the appellate court, cannot be modified by the superior court after the cause has been remanded.

*Original Application for Prohibition.*

*Feighan, Wells & Herman*, for relator.

*Turner, Graves & McKinstry*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — This is an application for a writ of prohibition to restrain said court from entertaining or proceeding with a petition to modify a judgment and decree theretofore rendered in an action by Laura Wolferman, as administratrix, etc., against Harry C. Bell, Belle Bell *et al.*

Said action was brought in said court to foreclose a certain mortgage, and a decree was rendered in favor of plaintiff and against defendants therein, whereupon the defendants appealed said cause to this court and judgment was here rendered affirming the decree of the lower court. 6 Wash. 84 (32 Pac. Rep. 1017).

Subsequently said Harry C. Bell and Belle Bell filed a petition in said superior court praying that they be allowed to introduce and set up in said action a release of a part of said mortgaged lands upon which said decree operated and a payment of $300 therefor, which they failed to introduce at the trial of said action and which failure is sought to be excused in said petition.   And further prayed that the de-

cree so rendered by said superior court in said cause and affirmed by this court be modified by said superior court to the extent that they be allowed a credit of the $300 aforesaid, and that the lands so released be exempted from sale under said decree.  A demurrer was filed thereto by the relator which was overruled, and this application was made to us to prohibit said court from proceeding in said matter.  It is urged in behalf of the respondent that an appeal does not divest the superior. court of jurisdiction of a case and that it has authority thereafter to entertain proceedings for the purpose of, amending or modifying the judgment or decree rendered.  And some authorities have been cited where amendments have been permitted in the lower court while an appeal has been pending in the upper court, and also after it has been disposed of.  *Rew v. Barker*, 14 Am. Dec. 516, authorities cited in note.  But an examination of these authorities shows that such amendments were permitted under a practice relating to appeals essentially different from our own.

An appeal of an equity cause here brings up the entire case for a trial *de novo* in this court upon questions of both law and fact.  The judgment rendered here is final and conclusive, and when remanded to the lower court, such court has no further authority or power in the premises than to proceed to execute it according to the decision rendered here.  And the affirmance of the judgment of the superior court in said cause made it as much the judgment of this court as if a new judgment had been rendered.  It is certainly questionable, and we very much doubt whether the superior court has authority to entertain any such petition in a law action, even, where an appeal has been taken to this court and a judgment rendered finally disposing of the case.  However this may be, we are clearly of the opinion that in an equity cause it has no such jurisdiction, and that all such applications must be made here.  See *Ex parte*

*Sibbald v. U. S.*, 12 Pet. 488; *Mulford v. Estudillo*, 32 Cal. 131; *Kirby v. Superior Court*, 68 Cal. 604 (10 Pac. Rep. 119); *Boynton v. Foster*, 7 Metc. 415.

It is, therefore, directed that a writ of prohibition issue herein as prayed for, and that the relator recover her costs in this proceeding of said Harry C. Bell and Belle Bell.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.