[No. 763.   Decided January 26, 1894.]

LAURA WOLFERMAN, *Administratrix*, *Respondent*, v. HARRY C. BELL *et al.*, *Appellants*.

MODIFICATION OF JUDGMENT — EXPIRATION OF TIME FOR.

After the time fixed by law, or the well established practice, a judgment which is neither void on its face, nor affected by fraud in its procurement nor want of jurisdiction, stands for absolute verity; and neither the court which rendered, nor the appellate court which has affirmed it, has jurisdiction to vacate, modify or otherwise affect it.

*Appeal from Superior Court, Spokane County.*

On petition for the modification of the judgment heretofore rendered in the supreme court in this cause.

*Turner, Graves & McKinstry, J. R. Boarman,* and *J. B. Metcalfe,* for appellants.

*Feighan, Wells & Herman,* for respondent.

The opinion of the court was delivered by

STILES, J.— This action was commenced in the superior court of Spokane county in November, 1891, and was tried and a decree of foreclosure entered in June, 1892, upon the sole issue as to whether the alleged alteration in the notes should invalidate them. The case was appealed, and heard by this court January 10, 1893, upon the same issue, and a decision was filed March 9, following, affirming the decree. 6 Wash. 84 (32 Pac. 1017). A petition for rehearing was filed April 8, containing matters pertinent to the decision only, and that petition was denied May 8. Subsequently, and in November, 1893, a petition was filed in the superior court to modify the decree which had been affirmed, and this court prohibited the exercise of jurisdiction therein. *State, ex rel. Wolferman, v. Superior Court,* 7 Wash. 234 (35 Pac. 930). In deciding the matter of the prohibition, we remarked, in substance, that when a judgment or decree had been affirmed by this court, all applications for a modification of such judgment or decree must be addressed to this court alone. Upon this hint, as counsel explain, a petition has now been filed, praying that upon the showing made the remittitur be recalled; that the decree be modified so as to exclude certain portions of the mortgaged premises, and that the cause be remanded to the superior court with instructions to permit the answer to be amended so that the partial defense hereinafter mentioned may be set up and the rights of the parties to the excepted lands may be determined.

The basis of this application is contained in the following facts: The deceased Schneider sold and conveyed to

the appellant Bell, by warranty deed, the lands in question, and on the same day took in payment a sum of money, and the notes and mortgage here in litigation. The deed covenanted that if the purchaser should plat the land the grantor would, at any time, upon the payment of fifty dollars, convey by way of release any lot to the purchaser thereof; but the mortgage contained no reference to the subject of releases. After the decease of Schneider, his administratrix executed a deed of release of certain lots in accordance with the covenant in the original deed, and two of these lots, having been conveyed by Bell and wife to a third person, were re-conveyed by that person to Mrs. Bell, and the family home was erected thereon at an expense of several thousand dollars. When this suit was commenced this deed of release was in the possession of the appellants and was, by them, placed in the keeping of their attorneys, with the summons and other papers in the case. The answer set up the covenant in Schneider's deed, alleged that $2,000 had been paid, that no lots had been released, and that the respondent had been requested to release certain lots, but had refused. No particular lots were mentioned, and the existing release was not pleaded. The reply denied the new matter.

No evidence touching the subject of releases was adduced at the trial. The omission to plead the release is accounted for on the part of the appellants by a showing of reliance upon their attorneys to do whatever was necessary to protect their interests, the release having been put into the attorneys' possession; and on the part of the attorneys the lapse is excused by the fact that the release described certain lots in Bell Park Addition to Spokane, which they were not informed was in fact the mortgaged tract of sixty acres.

Whether this court could, at any stage of an appeal, furnish the remedy here invoked, it is not necessary to say;

but we are satisfied by the reason of the matter, and by the overwhelming weight of authority, that at this late day we not only ought not, but that we cannot legally, grant the appellants' demand.    Courts of original jurisdiction generally have the power, for some time after a judgment has been rendered, to set it aside or modify it as legal circumstances may require.    The time within which this may be done depends either upon statute or upon the common practice of the courts.    Where the latter is the only guide the end of the "term" has been the universal limit.    Of course, if a judgment be void on its face, it may be ignored or attacked in any wise at any time; or, if it has been procured by fraud, it may be set aside on motion within the limited period, or an independent suit to that end may be maintained afterward.    But after the time fixed by law, or the well established practice, a judgment which is neither void on its face nor affected by fraud in its procurement or want of jurisdiction, stands for absolute verity; and neither the court which rendered, nor the appellate court which has affirmed it, has jurisdiction to vacate, modify or otherwise affect it.    This is the universal rule, and there are no exceptions to it.

Concerning the limitations placed upon this court the appellants urge that inasmuch as, under the constitution, the court is always open, it has no terms, and therefore no fixed time beyond which it cannot modify its decisions. But, in our view, there are four periods, at one of which the jurisdiction must be held to cease, viz.: When the time for filing a petition for re-hearing has expired without the filing of such petition; when a petition on file has been denied; when the remittitur has been sent down; or at the expiration of the statutory sessions of the court in which one of the three foregoing events has taken place.    We shall not now decide at which of these times the jurisdiction ends, since the application before us comes long after the

extremest limit mentioned.   The modification made in *Bell v. Waudby*, 7 Wash. 203 (34 Pac. 917), was based upon a finding that the judgment inadvertently entered against certain respondents was void for want of service upon or appearance by them, and inasmuch as it was an original judgment for costs entered here, it was entirely proper that the application for a correction should be made here. There is no limit of time to such an application.   The general principles upon this subject will be found discussed in Black on Judgments, § 306; Freeman on Judgments, § 101; *Tyler v. Magwire*, 17 Wall. 283; *Sibbald v. United States*, 12 Pet. 491.

The application is denied, and the stay heretofore ordered against the writ of assistance is vacated.

DUNBAR, C. J., and HOYT and ANDERS, JJ., concur.

SCOTT, J., concurs in the result.