[No. 2278.   Decided January 26, 1897.]

THE STATE OF WASHINGTON, *on the Relation of Charles
H. Wolf*, v. JAMES Z. MOORE, *Judge of the Superior
Court of Spokane County.*

PROHIBITION, WRIT OF — OPERATION — JURISDICTION OF SUPERIOR COURT.

The fact that the superior court has been restrained by a writ of
prohibition issuing from the supreme court from interfering with
the rights of parties in the subject matter of a certain action, as
decreed by the supreme court on appeal, will not prevent the su-
perior court from assuming jurisdiction of an action involving the
same subject matter, when the action involves the rights of a person
who was not a party or privy to the prior action.

*Original Application for Mandamus.*

*Graves, Wolf & Graves*, for relator.

*W. S. Dawson*, and *Forster & Wakefield* (*Winston & Winston*, of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is an application for a writ of mandate to compel the respondent to proceed with the trial of a cause in the superior court of Spokane county, in which the relator is plaintiff and Laura Wolferman *et al.* are defendants.   An alternative writ was directed to issue, and the matter is now before us upon the return of the respondent thereto.   Upon the showing made by the relator, it appears that he is the owner of a judgment which he claims is a lien upon certain lands owned by, or in which, the defendants have an interest; that at the time said judgment lien attached, said lands were subject to a mortgage, which also included other lands, but that the particular lands in controversy were afterwards released from the lien of said mortgage, whereby it is claimed that the judgment lien of the relator became a prior lien on said lands.   Thereafter, the mortgage was foreclosed upon all the lands, not excepting that part claimed to have been released, but the relator was not made a party to said action, which was before this court in various ways upon several different occasions. *Wolferman v. Bell*, 6 Wash. 84 (32 Pac. 1017, 36 Am. St. Rep. 126); *State ex rel. Wolferman v. Superior Court*, 7 Wash. 234 (34 Pac. 930); *Wolferman v. Bell*, 8 Wash. 141 (35 Pac. 603); *State ex rel. Wolferman v. Superior Court*, 8 Wash. 591 (36 Pac. 443).

It appears from the return that the respondent refused to proceed with the trial of said cause after the

joining of issue, on the ground that he was prohibited from so doing by the final writ issued in the proceeding of *State ex rel. Wolferman v. Superior Court,* 8 Wash. 591, aforesaid. Most of the matters alleged in the return as a reason why the court should not proceed with the trial of said cause go to the merits of the action, and of course we would not assume to determine them in this controversy, nor to examine into them further than to determine that the plaintiff was asserting in good faith an independent claim against said lands. While the language of said writ, literally construed, might be interpreted as preventing the respondent from trying this cause, it is evident that it must be construed with reference to the matters in litigation in the mortgage foreclosure suit aforesaid, or that should have been litigated therein between the parties thereto; and the language of the writ must be limited by such matters, for certainly it could have no force as against a person not a party to the record, nor in privity with any party to those proceedings, who is seeking to maintain an independent claim against said lands, for to hold such a party so precluded would be to deprive him of his property without due process of law. We are of the opinion that the final writ should issue.

The usual order will be made imposing costs herein on the defendants in the action aforesaid, they being the interested and resisting parties here.

DUNBAR and REAVIS, JJ., concur.