[No. 3442.  Decided February 20, 1900.]

MARY A. BROOKS, *Respondent,* v. W. A. LEWIS *et ux.,*
*Appellants.*

EXECUTION—SALE TO PLAINTIFF SUBSEQUENT TO DEATH—VACATION
OF SALE.

Where the plaintiff in foreclosure proceedings dies subse-
quent to a decree in her favor, but before sale of the premises,
and her attorneys, in ignorance of her death, bid in the property
in the name of plaintiff and secure a confirmation of the sale, the
proceeding is a nullity, which may be vacated at any subsequent
date, upon motion of her personal representative.

Appeal from Superior Court, Spokane County.—Hon.
WILLIAM E. RICHARDSON, Judge.  Affirmed.

*Lewis & Lewis,* for appellants.

*Boney & Hoyt,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—The original judgment and decree in
this cause was entered on April 14, 1896.  In virtue
thereof an execution and order of sale was issued and
directed to the sheriff of Spokane county, and the prem-
ises in question were sold thereunder on the 20th day of
May, 1896, the property being bid in by the attorneys of
the judgment creditor in the name of their client, the
plaintiff in the action.  On June 3, 1896, the sale was
confirmed.  The plaintiff died in the county of Middlesex,
state of Massachusetts, on the 21st day of April, 1896,
seven days subsequent to the date of the decree, but prior
to the sale or the confirmation thereof.  On the 25th day
of April, 1898, Alonzo M. Murphey was appointed admin-
istrator, with the will annexed, of the estate of the plaint-
iff, Mary A. Brooks.  In November, 1898, the adminis-
trator moved the superior court to vacate the sheriff's sale

and the order of confirmation, and for an alias execution. His application was granted, and from that order this appeal is taken.

The sole ground urged for a reversal is that the lower court erred in assuming jurisdiction to entertain the application after the expiration of more than one year from the entry of the original judgment and decree, and after the expiration of more than one year from the date of the order of confirmation. The action of plaintiff's attorneys in bidding in the property at the sale, which action was taken without knowledge of the plaintiff's death, was a mere nullity, and the same is true of the subsequent order of confirmation. There is no limit to the time in which an application may be made to vacate a void judgment or proceeding. *Wolferman v. Bell,* 8 Wash. 140 (35 Pac. 603) ;*Ladd v. Mason,* 10 Ore. 308. Within six months after his appointment as administrator the respondent instituted this proceeding. Laches cannot be imputed to him, and the order is affirmed.

DUNBAR, REAVIS and FULLERTON, JJ., concur.