[No. 5004.  Decided September 27, 1904.]

FRANK S. WEED *et al., Respondents,* v. THOMAS B. GOODWIN *et al., Appellants.*[1]

STATUTES—TITLE OF ACT—SUFFICIENCY — EMINENT DOMAIN— RIGHT OF WAY FOR IRRIGATION.  Laws 1899, p. 261, entitled, "An act providing for condemnation proceedings for right of way for irrigation ditches, canals and flumes for agricultural and mining purposes, and relating to right of appropriation of water," is not unconstitutional as embracing more than one subject, since its subject relates singly to the right of appropriation of waters, and all the subsidary details are germane thereto, and are means for carrying the object into effect, and necessary for its enforcement.

EMINENT DOMAIN—CONSTITUTIONAL LAW—DUE PROCESS—NOTICE.  By Laws 1899 p. 261, for the condemnation of rights of way for irrigation purposes, the filing of a complaint and the issuance and service of a summons, as in civil cases, and the assessment of damages by a jury, provides ample notice and due process of law, although the law contains no express provision that the plaintiff shall maintain the requirements of the statute at the trial, since that is jurisdictional and follows as a matter of course.

SAME—PROVISION FOR DAMAGES ASIDE FROM VALUE OF LAND. Laws 1899, p. 261, for the condemnation of rights of way for purposes of irrigation, sufficiently provides for the assessment of damages aside from the value of the land taken by directing the jury to "determine the value of the land occupied and damages," and authorizing judgment "for the full amount of the value of the land and damages."

Appeal by defendants from a judgment of the superior court for Kittitas county, Rudkin, J., entered June 25, 1903, appropriating a right of way for irrigation purposes, after a trial on the merits and the assessment of damages by a jury.  Affirmed.

*Graves & Englehart,* for appellants.

*Hovey & Hale,* for respondents.

[1]Reported in 78 Pac. 36.

MOUNT, J.—This proceeding is to appropriate certain lands for a private irrigation ditch for agricultural purposes. It was instituted by the respondents under the provisions of an act of the legislature approved March 14, 1899 (Laws 1899, p. 261). A complaint was filed, and summons served upon the appellants, who appeared in the action and filed a general demurrer to the complaint. This demurrer was overruled, and thereupon appellants filed an answer. The cause was thereafter tried to the court and a jury, the latter being called to assess the damages. The court found, among other things, that respondents' lands are arid agricultural lands and require irrigation; that said lands are irrigated by water obtained from what is known as Tenum ditch; that said ditch does not touch any of respondents' lands, and, in order to obtain water therefrom, it is necessary to carry the same through the appellants' lands; that said water is obtained from a natural stream in Kittitas county. The court also found that appellants refused to grant respondents a right of way for the purpose of said ditch. The jury found and assessed appellants' damages at $100.

Upon this appeal it is urged that the act in question is void for the reason, (1) that it is in contravention of § 19 of art. 2 of the constitution, which provides that no bill shall embrace more than one subject, and that shall be embraced in the title; (2) that due process of law for the taking of such property is not provided by the act; and (3) that the act does not provide for the payment of damages aside from the value of the land taken.

(1) The title of the act is as follows: "An act providing for condemnation proceedings for right-of-way for irrigating ditches, canals, and flumes for agricultural and mining purposes and relating to right of appropriation of water." It is claimed by appellants that this act

embraces two distinct subjects, which are embraced in the title; one has relation to condemnation proceedings for right of way for ditches and canals, without regard to the source of supply or the manner of acquirement of the water to be used therein; the other is a declaration of rights of persons, engaged in irrigation, to appropriate water from the natural streams and lakes of the state.

Upon an examination of the act, we find that sections 1 and 2 define what persons are entitled to take certain waters for the purposes of irrigation and mining. Section 3 provides that a person, owning lands requiring irrigation and not being a riparian proprietor, shall have a right of way, for purposes of irriagtion, through lands intervening between his lands and certain waters. Section 4 defines such right of way. Section 5 provides that, upon the refusal of the owner of intervening lands to permit the passage of water over the same, the persons desiring such right of way shall proceed to condemn and take the right of way. The remainder of the act provides for the procedure. There can be no doubt that a subject embraced in the title of an act includes all subsidiary details which are means for carrying into effect the object and purpose of the act disclosed in that subject. Sutherland, Stat. Constr., § 96 and cases cited; Cooley, Const. Lim. (7th ed.), pp. 205-9. Under this rule, if the title of the act in question had been, "An act relating to the right of appropriation of waters," there can be no doubt that the act, under such title, might have contained all the provisions it now contains, and not have been subject to the criticism of duplicity, for the reason that the provisions relating to the condemnation of rights of way are necessary to carry out the purpose of the act. The fact that the title contains more of a synopsis of the details of the act than is necessary does not make it ob-

noxious to the constitutional provision named, provided
the subsidiary details are germane thereto, and necessary
to carry the object of the act into effect.   The provisions
relating to condemnation proceedings are special to this
act, and are clearly germane to its object, and necessary
to its enforcement.   Neither the title, nor the act itself,
is duplicitous.

(2)   The act is next attacked upon the ground that it
does not provide for the taking by due process of law.
Section 6 provides that, in case of the refusal of owners
of land, through which the ditch is proposed to be made,
to allow the passage of the ditch or right of way, the per-
son desiring such right of way shall file in the superior
court a complaint, describing the land to be crossed, the
size of the ditch, the quantity of land required, the value
of the land and damages to the property, setting forth
the names of the owners or parties interested in the land
to be crossed, and praying that a right of way be granted.
It also provides that a summons shall be issued and served
as in other cases of a civil nature, and that, in case
of default of the defendants, the court shall impanel a
jury to determine the value of the land occupied, and the
damages.   The next section provides that, when the de-
fendant shall appear, he shall allege in his answer the
value of the land proposed to be used, and the jury shall
thereupon determine the value and the damages.   We
think the provisions here provide for ample notice.   It
is true, as stated by appellants, that there is no express
provision that the plaintiff shall maintain the require-
ments of the statute, or the allegations of his complaint,
at the trial.   But this it seems must follow as a matter
of course, whether the defendants appear or not.   These
are questions for the court.   They are jurisdictional to

the right of the court to enter a decree. The jury determines only the question of damages. This procedure was followed, and we think was sufficient.

(3) Upon the last question, appellants argue that the act does not provide for the payment of damages to lands, aside from the value of the land taken. The provision of the act upon this point is as follows: The jury "shall determine the value of the land occupied by said ditch, canal, or works, and the damages, and, upon the return of the verdict, the court shall enter a decree, directing that the right-of-way for the ditch, canal, or works be established according to the description in the complaint, and that the plaintiff shall pay to the clerk of the court the full amount of the value of the land and damages found by the jury, before the plaintiff shall begin work on said ditch, canal, or works." The word "damages" as here used can refer only to damages to the whole tract in addition to the value of the land actually taken. It is true, this quotation is from section 6, which provides the procedure where the defendants make default; but section 7 provides the same procedure where the defendants appear. It makes no change in this respect.

We conclude that the act is valid upon the points suggested. The judgment is therefore affirmed.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.