[No. 8122. Department One. November 15, 1909.]

THE CITY OF SEATTLE, *Respondent*, v. SYLVESTER-COWEN INVESTMENT COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—ASSESSMENTS — REDUCTION—PROPERTY AFFECTED—STATUTES — CONSTRUCTION. Under Laws 1907, p. 316, § 28, providing that on confirmation of an assessment of property for local improvements, default "may" be entered as to the property of noncontesting owners, "may" should not be construed to mean "must," in view of other provisions of the statute authorizing the court to apportion part of the cost of the improvement to the city, and to change any assessment or recast the same according to the "principles" of the act, which appear to require each parcel of land to "bear its relative equitable proportion" of the costs.

SAME—EXCESSIVE ASSESSMENTS — APPEAL — REVIEW. An assessment ordered by the court against property benefited by a local improvement will not be reduced as excessive unless the evidence so clearly preponderates against the finding as to indicate arbitrary action.

SAME—ORDINANCE—VALIDITY—TITLE—LEGALITY OF OBJECT — CONSTRUCTION. An ordinance entitled an ordinance to provide for laying out and establishing streets and "parkways" and levying assessments against the property benefited, the city to bear the expense not levied against property benefited, is not void by reason of including parkways for which no assessment could be made on private property, where private property was not sought to be assessed for the parkways, which were procured thereunder by private treaty at the expense of the city.

SAME—TITLE—DUPLICITY. An ordinance entitled an ordinance providing for the laying out, extending, etc., of certain streets as highways, boulevards and parkways, and for the condemnation of land therefor, is not void in that it embraces more than one subject, viz., condemnation (1) for streets and (2) for parkways; since it all relates to one general subject—the condemnation of land for a public use.

Appeal from an order of the superior court for King county, Albertson, J., entered November 11, 1908, confirming an assessment roll for a local improvement, after a hearing on the merits. Affirmed.

[1]Reported in 104 Pac. 1121.

*Bamford A. Robb, Carkeek & McDonald, O. A. Tucker,* and *Leroy L. Todd,* for appellant.

*Scott Calhoun* and *King Dykeman,* for respondent.

Gose, J.—The city of Seattle, by Ordinance No. 15,924, entitled,

"An ordinance providing for the laying out, widening, extending and establishing of Meadow Place, University Boulevard and East Seventieth Street, as public streets, highways, boulevards and park ways in the City of Seattle, between East Green Lake Boulevard and Fifteenth Avenue Northeast, over and across certain lots, blocks, tracts and parcels of land in said city, and providing for the condemnation and appropriation to the public use as a park of certain other lands and premises adjoining and proximate thereto, and providing for the taking and damaging of land and other property necessary therefor, and for the ascertainment and payment of the just compensation to be made for the private property to be taken or damaged for said purpose, and for the assessment of a just and equitable proportion of said compensation and of the necessary expenses upon the private property benefited, and providing for the payment of the remainder of said compensation and other necessary expenses from the general fund of the City of Seattle";

provided for the laying out, widening, extending and establishing of Meadow Place, University boulevard, and East Seventieth street, as public streets, highways, and boulevards in the city, and provided for the condemnation and appropriation to the public use of other contiguous land as a park. During the pendency of the proceeding, the property sought to be appropriated for park purposes was acquired by the city at private treaty. A trial was had for the purpose of ascertaining the compensation to be made for the property taken and damaged. Thereafter the board of eminent domain commissioners, to whom the matter was referred, prepared and filed an assessment roll, for the purpose of creating a fund with which to pay the damages awarded for the taking of the land for street purposes. The appellant in due time filed written objections to the assessment, raising numerous

questions touching its validity, all of which save one the court overruled, reduced the assessment against private property to the extent of $14,500, assessed this additional sum against the city, and entered a judgment confirming the assessment thus modified. From this judgment, an appeal has been taken.

The first point urged is that the court erred in giving the nonobjecting property owners their proportionate benefit of the reduction. The proceeding was based on the Laws of 1907, p. 316. The trial court observed, in passing on the question, that it would be unfair to reduce the assessment of one property owner without making a corresponding reduction in favor of the other property owners similarly situated, and that the reduction would be proportionate upon all property in the assessment district. It is contended that, under section 28 of the statute, which provides that "as to any property to the assessment of which objections are not filed as herein provided, default may be entered and the assessment confirmed by the court," it was the duty of the court to enter a judgment against all noncontesting property owners. The familiar rule of construction is invoked that, where a statute provides for the discharge of a public duty, the word "may" is construed to be mandatory.

While conceding this to be a general rule of construction, we must not be unmindful of another canon which requires that an act must be construed as an entirety for the purpose of discovering its intent and purpose. Section 23 of the act enjoins upon the commissioners the duty to estimate what proportion, if any, of the total cost of the improvement will be a benefit to the public, and what proportion thereof will be a benefit to the property benefited, "and apportion the same between the city and such property so that each shall bear its relative equitable proportion." Section 24 requires the commissioners to certify the assessment roll to the court before which the proceeding is pending. Section 25 provides that, after the return of the assessment roll, the court shall

make an order setting a time for the hearing, notice of which shall be given by the commissioners to each owner of property assessed. Section 27 provides that "the court shall retain full jurisdiction of the matter until final judgment on the assessments." Section 29 provides that the court shall have authority, at any time before final judgment, to modify, alter, change, annul, or confirm any assessment returned, or cause it to be re-cast by the same commissioners, or may appoint other commissioners in place of all or any of the commissioners first appointed, to the end that justice may be attained, and may make all orders necessary to a true and just assessment of the cost of the improvement according to the *principles* of the act, and may from time to time continue the hearing as to the whole or any part of the premises.

A reading of these several provisions discloses the "principles" of the act to be that each tract or parcel of land benefited "shall bear its relative equitable proportion" of the cost of the improvement. The court is given jurisdiction of the entire matter until final judgment, and is clothed with broad equitable powers, and we fully agree with the learned judge that a denial to the non-contestants of an equitable proportion of the reduction would have been manifestly wrong and unfair. We conclude that in this respect the court acted within the power conferred by the statute. *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, cited in support of the appellant's contention, states that the action of this court only affects the property of the parties who appeal. Obviously so, as the final judgment of the lower court is conclusive upon all who are content to accept it.

It is next urged in effect that the court did not sufficiently reduce the assessment against private property, and figures are presented which it is contended disclose the court's error. It is said that the court found that one-half of the improvements should be assessed to the city, and that upon this basis a larger reduction should have been made. After a somewhat lengthy colloquy between court and counsel as to the

basis upon which the reduction should be made, the corporation counsel requested the court to fix a definite sum to be charged against the general fund of the city, stating that counsel would not be able to agree; whereupon the court said, "The order is that the sum of $14,500 be paid by the city." This was in addition to the assessment theretofore made by the commissioners against the city. The judgment speaks to the same effect. The damages were assessed on the basis of the street having a width of one hundred and sixty feet. Section 2 of the act provides that, where a street is established or widened to a width greater than one hundred and fifty feet, the excess over that width shall be paid out of the general fund of the city without any reduction for benefits of such excess. The commissioners assessed the city $10,000 for the excess. We will not disturb the findings of the lower court as to what the proper assessment should be, except when it appears that the evidence is so clearly preponderating against the finding as to indicate that it acted arbitrarily. *In re Third, Fourth and Fifth Avenues, ante* p. 519, 104 Pac. 799. Measured by this rule, the judgment was without error in this respect.

Finally, it is urged with much earnestness that the ordinance is void for duplicity, under section 10 of the city charter, which provides that: "Every ordinance . . . shall contain but one object, which shall be clearly expressed in its title;" and secondly, because section 4 of the ordinance directs an assessment upon private property to pay the damages awarded, and that such an assessment cannot be made for the purpose of establishing parks or parkways. The last contention may be dismissed with the statement that no assessment was made against private property for the appropriation of parks or parkways, but, as we have seen, the property desired for a park was purchased by the city. Moreover, section 4 provides that "any part of the compensation, damages or costs that is not finally assessed against said property shall be paid from the general fund of the city." Section

2 of the statute provides that special assessments shall only be levied for certain enumerated purposes, not including public parks. The ordinance as an entirety does not disclose any intention to levy special assessments for any purpose not authorized by the statute.

It is asserted that the ordinance discloses two distinct objects, (1) condemnation of certain property for public streets, highways, and parkways; and (2) condemnation of certain other property for a park; and that these objects are diverse and incongruous and have no relation to or connection with each other. If the postulate be accepted, the conclusion would follow. We think that both the title and the body of the ordinance make it clear that there is but a single general object, viz., the condemnation of land for a public use. The charter provision does not forbid the lawmaking body from passing an ordinance having a general object, and it may bring within its scope any number of sub-subjects germane to the general subject. Whatever is legitimately connected with a unified subject may be embraced in a single title or act. We have said by way of argument and of illustration that the entire subject of pleadings could be treated under a title in relation to pleadings, and also that an entire code of civil procedure would be germane to the title "An act to provide for a code of civil procedure." Stated in another form, the lawmaking body may make the object as comprehensive as it sees fit, provided it relates to one general relevant and connected subject. The provision invoked was adopted as a shield to prevent the union of diverse, incongruous, and disconnected matters, but it cannot be used as a sword to strike down useful legislation not within the mischief sought to be avoided. *Seattle v. Barto*, 31 Wash. 141, 71 Pac. 735; *Weed v. Goodwin*, 36 Wash. 31, 78 Pac. 36. The ordinance provides for the condemnation of land for streets and parks, for an assessment upon property specially benefited, to "be made in the manner provided by the laws of the state for the purpose of raising the just and equitable proportion to be as-

·sessed upon private property," etc.; and, as we have stated, "that any part of the compensation, damages or costs that is not finally assessed against said property shall be paid from the general fund of the city." These are but the details for carrying out the general object of condemning property for a public use. Correctly interpreted, the ordinance means that the property benefited shall bear the cost that may be legally imposed upon it, and that the balance of the expense shall be borne by the city.

The judgment will be affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., ·concur.