[No. 12210.   Department Two.   April 17. 1915.]

*In re* WEST WHEELER STREET.

THE CITY OF SEATTLE, *Appellant*, v. R. V. ANKENY, *Respondent*.[1]

APPEAL—DECISION — JUDGMENT — CONSTRUCTION. The decision of the supreme court, is to be construed according to its necessary legal effect as applied to the parties, privies and matters before the court, rather than according to its literal terms; and hence recitals on reversal broad enough to include parties to the action not appealing will be restricted in operation to those parties only who appealed.

MUNICIPAL CORPORATIONS—ASSESSMENTS—REVIEW—REVERSAL. Under Rem. & Bal. Code, § 7797, of the statute governing the exercise of the power of eminent domain by cities, which provides that a judgment confirming an assessment roll "shall have the effect of a separate judgment as to each tract or parcel of land or property assessed, and any appeal from such judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken," property owners who fail to appeal from an assessment, or, having appealed, waive their appeal, are not entitled to take advantage of a reversal of the order confirming the assessment roll; since the final judgment of the lower court confirming the assessment is conclusive upon all who are content to accept it, in view of Rem. & Bal. Code, § 7995, which provides that "as to all property to the assessment of which objections are not filed as herein provided, default may be entered and the assessment confirmed by the court."

Appeal from an order of the superior court for King county, Ronald, J., entered July 6, 1914, in favor of the de-

[1] Reported in 147 Pac. 873.

fendant, revising an assessment roll, in pursuance of a mandate of the supreme court on appeal from confirmation of the assessment. Reversed.

*James E. Bradford, Howard A. Hanson,* and *C. B. White,* for appellant.

*Hastings & Stedman, Raymond D. Ogden, R. E. Thompson, Jr.,* and *Peters & Powell,* for respondents.

ELLIS, J.—This is the second appeal touching a special assessment roll made by the eminent domain commissioners of the city of Seattle. The opinion on the first appeal, *In re West Wheeler Street,* 77 Wash. 3, 137 Pac. 303, presents a full statement as to the physical conditions of the district. It there appears that the district included two physically separate improvements, one consisting of a roadway leading from Fifteenth avenue, west, to Seventeenth avenue, west, located on what is there designated as the "lowlands" and not benefiting the "highlands" on Magnolia Bluff, the other an overhead roadway extending from Fifteenth avenue, west, northwesterly across and above the lowlands and benefiting the highlands only.

It was there found that the cost of the lowland roadway to the extent of about $30,000, the exact amount now appears to be $33,554.09, was erroneously assessed to the highlands. All of the highland owners did not appeal from the order confirming the original roll, but only owners the principal of whose assessments amounted to $18,474.75. They were successful in the former appeal and this court remanded the roll for revision.

After confirmation, the original roll, except as to the specific properties and assessments involved in the former appeal, was certified to the city treasurer for collection, as provided by the statute. Rem. & Bal. Code, § 7798 (P. C. 171 § 91). The city treasurer then fixed and gave notice of the time when such assessments might be paid without interest or penalty, ending June 11, 1913, after which interest and

penalty attached as provided by law. All of the assessments not involved in the original appeal have now been paid, most of them within the time fixed by the treasurer's notice, some after delinquency but before sale, and some by a sale and issuance of certificates of purchase of the property assessed.

Pending the first appeal, certain of the original appellants voluntarily paid the principal sum of their assessments to the treasurer, who marked the same paid upon the assessment roll which was in his possession. In remanding the cause, department two of this court, as then constituted, said in its opinion:

"The judgment of the lower court is therefore reversed, and the cause remanded with instruction to revise the assessment so that the cost of the street which is solely for the benefit of the lowlands shall be assessed thereto and deducted from the assessment upon the highlands and lands not benefited thereby." *In re West Wheeler Street*, 77 Wash. 3, 137 Pac. 303.

Counsel for the city, construing that language under the statute governing such appeals as of necessity applying only to such specific assessments as had been appealed from, and the appeal from which had not been waived by payment in full, prepared an order revising the assessment roll as to such assessments alone. That order was prepared upon the theory that each of the appellants, except such as had waived the appeal by payment, is entitled to a reduction of his specific assessment in the proportion that the total cost of the disputed item, $33,554.09, bears to the total principal of the assessments levied upon the highlands, $116,447.65. The former of these amounts is 28.815 per cent of the latter. (These figures are not disputed, hence we assume that they are correct.) The order presented by the city, therefore, reduced each of the specific assessments appealed from in the original roll, excepting those which had been paid pending the appeal, in this 28.815 per cent thereof, by a mere mathematical computation, confirmed the assessments so re-

duced, but left the original roll undisturbed as to all other assessments, and directed the eminent domain commissioners to reassess the property actually benefited by the improvement to make up the deficiency created by such reduction.

At the hearing when this order was presented, the court, over the objection of the city, permitted property owners who had not appealed from the original judgment confirming the roll, and others who had appealed but had voluntarily paid their assessments according to that roll, to appear by attorney and object to the entry of this order. The court, construing the opinion of this court on the first appeal as a direction to that effect, re-referred the entire roll to the eminent domain commission to recast the same by omitting from the assessment against all of the highlands the amount which should have been assessed against the lowlands alone, which the court apparently found to be $30,973.10, and assess the same against the lowlands which are solely benefited thereby, and report the amended roll back to the court for further action. The city appeals.

There is but one question presented. Should the decision of this court on the first appeal be construed literally as reversing the entire judgment of confirmation, thus necessitating a recasting of the entire roll, or should it be construed as reversing that judgment only in so far as it related to the properties of the owners who appealed from that judgment?

A judgment of any court only speaks with reference to the parties and their privies. Where its terms are general they will be construed as confined to such parties and privies. 1 Freeman, Judgments (4th ed.), § 155.

"In case of doubt regarding the signification of a judgment, or of any part thereof, the whole record may be examined for the purpose of removing the doubt. One part of the judgment may be modified or explained by another part; and uncertainties in the judgment may become certain under the light cast upon them by the pleadings or other parts of the record. Though the judgment purports to be against the defendants, without naming them, only one of

them will be bound, if it appears from the context that only he was meant, or from the return of the service of process that only he was brought within the jurisdiction of the court." 1 Freeman, Judgments (4th ed.), § 45.

These same rules of construction apply to judgments or orders of this court. In *State ex rel. Wolf v. Moore*, 16 Wash. 350, 47 Pac. 757, a writ of mandate was issued to compel the respondent to proceed with the trial of an action notwithstanding the broad terms of a writ of prohibition which had issued in a prior proceeding at the instance of different parties. This court said:

"While the language of said writ, literally construed, might be interpreted as preventing the respondent from trying this cause, it is evident that it must be construed with reference to the matters in litigation in the mortgage foreclosure suit aforesaid, or that should have been litigated therein between the parties thereto; and the language of the writ must be limited by such matters, for certainly it could have no force as against a person not a party to the record, nor in privity with any party to those proceedings, who is seeking to maintain an independent claim against said lands, for to hold such a party so precluded would be to deprive him of his property without due process of law."

It may be stated generally that an opinion, order or judgment of this court, like that of any other court, will be construed according to its necessary legal effect as applied to the parties and things before the court, and to parties in privity, rather than according to its literal terms.

The statute governing the exercise of the power of eminent domain by cities makes it too clear for argument that the property owners who did not appeal from the original judgment confirming the assessment roll in this case, or who having appealed waived the appeal by voluntarily paying their assessments, cannot receive the benefits of that appeal. The statute, Rem. & Bal. Code, § 7797, declaring the legal effect of the judgment confirming an assessment roll and of an appeal therefrom says:

"The judgment of the court shall have the effect of a separate judgment as to each tract or parcel of land or other property assessed, and any appeal from such judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken. Such judgment shall be a lien upon the property assessed from the date thereof until payment shall be made."

The next section, § 7798, declares:

"The clerk of the court in which such judgment is rendered shall certify a copy of the assessment-roll and judgment to the treasurer of the city, or if there has been an appeal taken from any part of such judgment, then he shall certify such part of the roll and judgment as is not included in such appeal, and the remainder when final judgment is rendered: *Provided*, That if upon such appeal, the judgment of the superior court shall be affirmed, the assessments on such property as to which appeal has been taken shall bear interest at the same rate and from the same date which other assessments not paid within the time hereafter provided shall bear. Such copy of the assessment-roll shall describe the lots, blocks, tracts, parcels of land or other property assessed, and the respective amounts assessed on each, and shall be sufficient warrant to the city treasurer to collect the assessment therein specified."

Construing this statute, this court has said:

"As the judgment appealed from, in so far as it affects the property of these appellants, must be reversed, a question arises as to what proceedings should be taken looking to a new assessment. Section 27 [Rem. & Bal. Code, § 7795] of the statute provides that, where objections are not filed within the time ordered by the court, 'default may be entered and the assessment confirmed by the court.' A portion of § 30 [Rem. & Bal. Code, § 7797] reads as follows:

" 'The judgment of the court shall have the effect of a separate judgment as to each tract or parcel of land assessed, and any appeal from such judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken.' Laws 1893, p. 200, § 30.

"From this provision it appears that the action of this court can affect only the property of appellants; and that those property owners who did not appeal cannot share in

the fruits of success with those who bore the burden of the appeal against the illegal assessment." *In re Westlake Avenue*, 40 Wash. 144, 156, 82 Pac. 279.

While we held in *Seattle v. Sylvester-Cowen Inv. Co.*, 55 Wash. 659, 104 Pac. 1121, that, under the statute, the trial court retains jurisdiction until final judgment confirming the roll, and that construing § 7795 (P. C. 171 § 85) in context, the provision that "as to all property to the assessment of which objections are not filed as herein provided, default may be entered and the assessment confirmed by the court," should be construed as directory rather than mandatory, and confers on the trial court a discretion to grant relief to non-contesting property owners, we also clearly confined that power to the trial court on the first hearing, and reaffirmed the rule announced in the *Westlake* case that the action of this court is confined to a review and only affects the property of parties who have appealed. It is there said:

"*In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, cited in support of the appellant's contention, states that the action of this court only affects the property of the parties who appeal. Obviously so, as the final judgment of the lower court is conclusive upon all who are content to accept it."

This court is not a court of first instance in eminent domain assessment cases, but purely a court of review. We can grant no relief not granted by the trial court in favor of non-contestants or non-appellants. As said above: "The final judgment of the lower court is conclusive upon all who are content to accept it." The statute in direct terms makes it so. The judgment is a "separate judgment as to each tract or parcel of land." The appeal is, therefore, as to each tract of land, in effect a separate appeal. And again, "any appeal from such judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken."

Construing the language above quoted from the decision of this court on the former appeal with reference to these principles, and especially with reference to the record and the plain mandate of the statute, it is clear that it is in legal effect a reversal of the judgment only as to those properties the owners of which had appealed and could not, and did not, "invalidate or delay" the original judgment as to property concerning which no appeal was taken. Though the language used was unfortunately broad, it cannot, in view of the record and the law, be construed as warranting the construction placed upon it by the trial court.

Reversed and remanded, with direction to enter the order as presented on behalf of the appellant.

MORRIS, C. J., FULLERTON, CROW, and MAIN, JJ., concur.