[No. 12456. Department Two. April 22, 1915.]

E. J. STRELAU *et al.*, *Appellants*, v. THE CITY OF SEATTLE *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS—APPEAL—EQUITABLE RELIEF. Under the eminent domain act of 1907 (Rem. & Bal. Code, § 7768 *et seq.*), governing condemnation proceedings by cities, which provides that the assessment roll shall be heard before the superior court as a court of first instance, and under Rem. & Bal. Code, § 7797, which provides that "the judgment of the court shall have the effect of a separate judgment as to each tract or parcel of land or other property assessed, and any appeal from such judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken," such judgments are final and can be corrected only on appeal or by statutory proceedings on motion or petition within one year of their entry; hence property owners, who failed to appeal or to institute proceedings within one year to vacate or modify the judgment, cannot subsequently by action in equity obtain the same relief accorded to property owners who had appealed and thereby secured a reduction of their assessments.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 6, 1914, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief, tried to the court. Affirmed.

*Hastings & Stedman*, for appellants.

*James E. Bradford* and *Howard A. Hanson*, for respondents.

ELLIS, J.—This is the third appeal involving the special assessment roll made by the eminent domain commissioners and confirmed by the superior court on January 15, 1913, to pay for the West Wheeler street improvement, in the city of Seattle.

The action is one in equity, commenced on June 10, 1914, by property owners who did not appeal from the original

[1]Reported in 147 Pac. 1144.

judgment confirming the assessment roll, and who did not, by petition, motion or otherwise, institute any proceedings in the trial court within one year from its entry to vacate or modify that judgment. In this action they seek the same relief which was accorded on the first appeal to the property owners who participated in that appeal, and which it may be assumed would have been accorded to the plaintiffs here had they appealed from the original judgment. The trial court sustained a demurrer to the complaint and dismissed the action. Hence this appeal.

The first appeal was prosecuted by certain of the property owners whose property was assessed, from the judgment of the superior court confirming the roll. We refer to the opinion in that case for a full statement of the physical conditions of the district. On that appeal the roll was remanded for revision because the cost of the "lowland" roadway, to the extent of about $30,000, was erroneously assessed to the "highlands." *In re West Wheeler Street*, 77 Wash. 3, 137 Pac. 303.

The second appeal was by the city from an order of the superior court rereferring the entire roll to the eminent domain commission to recast it throughout, in effect, giving to those highland property owners who had not appealed from the original judgment of confirmation, or who had waived their appeal by voluntarily paying their assessments, the full benefit of the first appeal in which they had not participated, and relief from a judgment in which they had acquiesced by their failure to appeal and by payment. On the second appeal, we said that the opinion in the first appeal must "be construed according to its necessary legal effect as applied to the parties and things before the court, and to parties in privity, rather than according to its literal terms." We there pointed out that the statute, Rem. & Bal. Code, § 7797 (P. C. 171 § 89), in express terms makes the original judgment of confirmation a "separate judgment as to each tract or parcel of land," and declares that "any appeal from such

judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken." We held that the decision on the first appeal "could not and did not 'invalidate or delay' the original judgment as to property concerning which no appeal was taken." The cause was therefore remanded with direction to enter an order reducing the assessments against the property of the appellants only, and reassess the lowlands to make up the resulting deficiency. *In re West Wheeler Street, ante* p. 146, 147 Pac. 873.

This court held the same way in the earlier cases, *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, and *Seattle v. Sylvester-Cowen Inv. Co.*, 55 Wash. 659, 104 Pac. 1121. In the former case, after quoting the statute, Rem. & Bal. Code, § 7797 (P. C. 171 § 89), this court said:

"From this provision it appears that the action of this court can affect only the property of appellants; and that those property owners who did not appeal cannot share in the fruits of success with those who bore the burden of the appeal against the illegal assessment."

While in the *Sylvester-Cowen* case this court held that, on the application to the superior court to revise and correct the roll made by the eminent domain commissioners, *that court* acquires jurisdiction of the entire matter until final judgment and may, when it deems that course equitable, grant relief to noncontesting property owners, that case also unequivocally reaffirms the rule announced in the *Westlake* case confirming that power to the trial court and denying it to *this court*, as appears in the following language:

"*In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279, cited in support of the appellant's contention, states that the action of this court only affects the property of the parties who appeal. Obviously so, as the final judgment of the lower court is conclusive upon all who are content to accept it."

The decision in the case of *Van Der Creek v. Spokane*, 78 Wash. 94, 138 Pac. 560, relied upon by the appellants, does

9—85 WASH.

not abrogate, change or modify that rule. When confined to
its own facts and the statute governing them, it has no bear-
ing on this case. It involved an assessment for street grad-
ing, and construed the statute of 1911 (3 Rem. & Bal. Code,
§ 7892-1 *et seq.*) relating to such assessments and governing
appeals from the city council to the superior court. It did
not attempt to construe the statute limiting the effect of ap-
peals to the supreme court in eminent domain assessments, a
wholly different statute (2 Rem. & Bal. Code, §§ 7797, 7798;
P. C. 171 §§ 89, 91). In eminent domain proceedings, the su-
perior court does not act as an appellate court, but as a court
of first instance, after notice to all the property owners in
the district, to revise the assessment roll made by the eminent
domain commissioners. (2 Rem. & Bal. Code, §§ 7791, 7792
*et seq.;* P. C. 171 §§ 77, 79). In the *Van Der Creek* case,
the first assessment roll (obviously not an eminent domain
roll) was heard before the city council, and certain property
owners objected, but the council confirmed the roll. Upon
appeal to the superior court, that roll was set aside. A new
roll was prepared under the reassessment statute. To this
new roll, objections were made by those formerly objecting,
and others who had made no objection to the original roll.
The council confirmed the reassessment roll. On appeal, the
superior court set aside the reassessment roll. The city then
appealed to this court on the ground that parties not object-
ing to the first roll were allowed to object to the reassess-
ment roll. We held that the superior court properly set aside
the first roll as absolutely void, because the council in making
the assessment had exceeded its jurisdiction in that the en-
tire assessment greatly exceeded fifty per cent of the assessed
valuation for general taxes of all the property in the district,
in direct contravention of the law of 1911 (3 Rem. & Bal.
Code, § 7892-12). We therefore held that the reassessment
was a proceeding *de novo*, "undertaken as if no assessment
had even been made," and said:

"The law does not undertake to define or limit the rights of protesting parties on reassessment, but does say in terms that the reassessment shall be made in accordance with the provisions of law and ordinance existing at the time the reassessment is made."

The sum of our decision in that case was that, when the superior court had properly vacated and set aside the original roll and a reassessment was made, original nonobjectors were entitled to object on any and all grounds—a very different thing from what we are now asked to hold.

In this case, the judgments rendered in the superior court were, in effect, separate judgments against each of the properties involved. They were entered by a court of competent jurisdiction, proceeding within its jurisdiction on notice to the owners of each of the properties, including these appellants. The trial court found that their properties were subject to assessment, were specially benefited in the amounts assessed against them, and upon a hearing pursuant to such notice, confirmed the assessments. These are final judgments, and as such do not differ from other final judgments. Like other final judgments, they can only be corrected on appeal, or by statutory proceedings on motion or petition within one year from their entry. *Seattle v. Krutz,* 78 Wash. 553, 139 Pac. 498. Failing all of these, a bill in equity cannot be invoked as a belated substitute. The demurrer was properly sustained.

Judgment affirmed.

Morris, C. J., Main, Fullerton, and Crow, JJ., concur.