[No. 14355.  Department One.  April 2, 1918.]

## IN RE EMPIRE WAY, SEATTLE.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—
REVIEW—REDUCTION.  Under Rem. Code, § 7795, making it the duty
of the court, upon appeal from an assessment, to inquire into and
enter judgment as to the amount of the benefits, and § 7796, giving
the court authority to modify, alter, change or annul or confirm any
assessment, the extent of the benefits is a question of fact to be de-
termined by the court from the weight of the evidence, upon which
the opinions of persons having knowledge of the situation is compe-
tent evidence; and assessments made contrary thereto may be
changed as arbitrary.

SAME.  Where a city decided to make an improvement at the
expense of the property benefited, and the court cut down the bene-
fits so that the assessments will be insufficient to pay the costs, the
city is not compelled to proceed and assess the deficiency against the
city, but may abandon the project.

SAME.  Upon reducing assessments on appeal, the court has
power to reduce the assessments on the property of non-objecting
property owners.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered May 12, 1917, reduc-
ing an assessment for a public improvement, after a
hearing before the court upon objections to the assess-
ment roll.  Affirmed.

*Hugh M. Caldwell, Walter F. Meier,* and *George A.
Meagher,* for appellant.

*Martin Korstad, Edward Von Tobel, L. H. Legg,
Z. B. Rawson, Donworth & Todd, Hastings & Stedman,
Morris & Shipley* and *Paul S. Dubuar,* for respondents.

FULLERTON, J.—In the year 1913, the city of Seattle,
by ordinance, instituted proceedings to establish a
street, to be known as Empire Way, extending from
the intersection of Rainier and Winthrop streets to

[1]Reported in 171 Pac. 1010.

the southern boundary of the city, a distance of five and thirty-five one-hundredths miles. From its point of beginning to its intersection with Holden street, three and one-tenth miles, the proposed street is ninety feet wide, and from the last mentioned point to its terminal it follows Renton avenue, which it widens from forty feet to seventy feet. The ordinance contained the following provision:

"That the entire cost of the improvement provided for in this ordinance shall be paid by special assessment upon the real property specially benefited in the manner provided by law, and that no portion shall be paid from the general fund of the city of Seattle."

After the enactment of the ordinance, condemnation proceedings were begun in the superior court of King county to acquire the property necessary to be taken in the establishment of the street, and to ascertain the compensation necessary to be paid for the property taken and the property damaged by reason of the taking. This proceeding resulted in awards which, with costs and accruing costs added, required approximately $171,000 to satisfy. Subsequent to the entry of the judgments on the awards, a supplemental petition was filed by the city pursuant to statute, praying the court that an assessment be made on the property benefited sufficient to pay the awards with costs and accruing costs, and the court referred the matter to the board of eminent domain commissioners of the city of Seattle for the purpose of making the assessment. The commissioners, following the direction of the improvement ordinance, assessed the entire cost of the proceedings to the local property bordering on the street. When the assessment roll was returned by the commissioners, objections thereto were filed by a number of property owners on grounds, among others, that their property was assessed in excess of benefits. A hearing was had

on the objections to the roll, at the conclusion of which the court found that certain of the property was benefited by the improvement to the extent of seventy per centum of the amount assessed therein and no more, and that the remainder of the property was benefited to the extent of eighty per centum of the amount assessed therein and no more, and entered a decree reducing the assessments accordingly, the reduction including the property of the non-objecting owners as well as the property of the objecting owners. The decree left a considerable part of the condemnation award unprovided for, but no judgment or order was made concerning it. The city, feeling itself aggrieved by the decree entered, appealed therefrom.

The principal contention of the appellant is that the evidence does not justify the conclusion reached by the trial court. The evidence we shall not review in detail. On the part of the city, was the assessment roll returned by the commissioners, made by the statute competent evidence of the matters therein recited, and the testimony of each of the eminent domain commissioners to the effect that the property was not, in his opinion, assessed in excess of the benefits conferred on it by the establishment of the streets. On the part of the objectors, was the evidence of a number of witnesses testifying to assessments in excess of benefits on individual tracts of property, and the evidence of a number of others testifying to an assessment in excess of benefits upon the property of the district as a whole. The witnesses for the objectors, for the greater part, gave the reasons for their* conclusions, which, upon the face of the record, seem as cogent and persuasive as do the reasons given by the commissioners for a contrary view. All of the witnesses testifying on the subject, moreover, agree that the way was in the nature of an arterial highway, wider and more expensive than it

need have been had it been designed for merely local traffic, and that it extends through property not generally desirable as residence property, but more suitable for suburban homes wherein gardening and the keeping of small livestock might be resorted to as an aid to subsistence. On the whole, without further review, we think the evidence decidedly preponderates in favor of the conclusion of the trial court that the property was overassessed in the amount found by its judgment.

But the appellant contends that this conclusion is not sufficient to overturn the assessment. Attention is called to the rule, frequently announced by this court, that the courts will not set aside an assessment roll on any mere difference of opinion between the commissioners and independent witnesses as to the extent of the benefits conferred by an improvement, but that it must appear that the commissioners acted fraudulently, arbitrarily, or upon a fundamentally wrong basis before such a result will follow, and argue that there was here nothing more than a difference of opinion as to the extent of the benefits, nothing to show fraud, arbitrary action, or that the assessment was made upon a fundamentally wrong basis.

The rule may be admitted, we think, without admitting the application sought to be made of it or the conclusion drawn therefrom. By statute it is made the express duty of the court before which the proceeding is pending, whenever objections are made to an assessment roll, to inquire whether the property of the objector is assessed more or less than it will be benefited by the improvement, and, if it so finds, to enter judgment accordingly (Rem. Code, § 7795); and by the following section the court is given authority, at any time before final judgment, "to modify, alter, change, annul or confirm any assessment . . . and make all such

orders as may be necessary to make a true and just assessment of the cost of such improvement according to the principle of the'' eminent domain act. These sections make it clear that it was not the intention of the legislature to compel the courts to follow blindly the findings of the commissioners as to the extent of benefits merely because it is unable to find that the commissioners acted contrary to some principle of law in making the assessment. The statute expressly provides that the assessment shall not exceed the benefits, and makes the court the arbiter to determine the question. Whether the assessment exceeds the benefit is a question of fact. It is to be determined, like any other question of fact, from the weight of the evidence. In such determination, the opinions of persons having knowledge of the situation is competent evidence. But, as we said in *Spokane v. Fonnell,* 75 Wash. 417, 135 Pac. 211, ''even opinion evidence must be tested by its inherent probability,'' and when the opinions of commissioners do not square with the surroundings and are against the opinion of others equally competent to testify, the court may find that their action was arbitrary. The question was here within the primary right of the trial court to decide. It comes to us not only with the evidence the trial judge had before him, but with the added weight of his conclusion, made up after he had seen and heard the witnesses, a privilege we cannot have. Since, therefore, it appears to us that the weight of the evidence as disclosed by the record was with the conclusion of the trial court, we cannot say that it decided erroneously.

The appellant argues that this conclusion compels the city to do what it expressly decided it would not do, namely, bear a part of the cost of the improvement. We cannot so conclude. The statute provides (Rem. Code, § 7784), that the right of the city to enter upon

and take possession of the property sought to be condemned arises only after it has paid to the owners of the property, or paid into court for their use, the amount of the award made such owners, and nowhere does it provide that, prior to this time, it must continue with an improvement which it has initiated. It has not, in this instance, paid these awards or taken possession of the property, nor did the court enter the condemnation order provided for in the section first cited which alone authorizes a taking of the property, and since it is found that the means adopted to pay the cost of the enterprise is insufficient for that purpose, we see no reason why it may not be abandoned. We. so intimated, if we did not directly so hold, in *In re Leary Avenue,* 77 Wash. 399, 138 Pac. 8. It is true that the city has incurred the preliminary costs which it will lose by an abandonment, but clearly this does not affect the principle involved.

It is further objected that the court was without power to reduce the assessments on the property of the non-objecting property holders. But in answer it is sufficient to say that we held to the contrary in the case of *Seattle v. Sylvester-Cowen Inv. Co.,* 55 Wash. 659, 104 Pac. 1121. See, also, *Van Der Creek v. Spokane,* 78 Wash. 94, 138 Pac. 560; *In re West Wheeler Street,* 85 Wash. 146, 147 Pac. 873; *Strelau v. Seattle,* 85 Wash. 255, 147 Pac. 1144.

The view we take of the record requires an affirmance of the judgment. It is so ordered.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.